GEO. M. PATTON, EXECUTOR, ET AL. v. JOHN P. COX ET AL.

No. 1253.  Decided January 18, 1904.

**1.—Costs—Judgment—Affirmance—Retaxation.**

A judgment recovering costs but not fixing the amount, though affirmed on appeal on a record showing their taxation and afterwards settled by the losing party in accordance with such taxation, does not conclude the district court from thereafter retaxing the costs in the case.  (P. 258.)

**2.—Same.**

The taxing of the cost is not an adjudication by the clerk of the items specified nor of the amount, but is simply the performance of a ministerial duty, which, if erroneous, may be corrected by the court upon a motion made for that purpose.  (P. 258.)

**3.—Same—Execution—Injunction.**

On injunction brought against an execution for further costs by one who has paid all costs as taxed on the final affirmance of judgment against him, the district court should, on a showing that the costs claimed were properly taxable though not regularly taxed, permit a retaxing and execution in accordance therewith.  (Pp. 258, 259.)

Error to the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

Cox and others sued Patton and others and had judgment enjoining an execution issued against them for costs of a previous suit.  Defendants appealed, and on affirmance obtained writ of error.

*Davis & Cocke,* for plaintiffs in error.—Where a plaintiff recovers judgment for his debt or damages and all costs of suit, such costs become thereby a part of the judgment and a debt of record against the defendant, and although such costs may be the only part of the judgment unpaid and plaintiff may have lost his right to execution, suit may be brought therefor, as upon any other judgment, and with equal conclusiveness, or the judgment may be pleaded in reconvention in a proper case.

Irrespective of what the rule may be as to an appellant, an appellee, in whose favor judgment was rendered in the lower court, is not estopped, by the bill of costs contained in transcript filed by appellant, from claiming other costs which in fact were adjudged to him by judgment of the lower court.

Where the defendant in a suit such as this reconvenes and establishes under proper pleadings a valid and subsisting judgment for costs against a part of the plaintiffs, it is error for the court trying the cause to refuse to enter judgment in his favor thereupon.

Costs adjudged against a defendant are as much a part of the judgment as the debt or damages recovered, and, although a portion of such costs are by mistake of the clerk omitted from bill of costs in transcript on appeal by defendant, the plaintiff may, upon affirmance of judgment, have his execution against defendant upon original judgment for all costs incurred, even if such right as against sureties on appeal bond does not exist.

*D. A. Kelley,* for defendants in error.—The case of Patton v. Cox,

having been tried and judgment having been rendered and an appeal having been taken which was affirmed by the Court of Civil Appeals, which said judgment thus affirmed having been paid off and settled in full as to principal, interest and costs, it is too late afterwards to undertake to retax the cost in such case by showing that some part of the cost had been omitted. It would require equitable circumstances to reopen a case which had thus been closed. Everything connected with that suit is res judicata so far as the parties thereto are concerned. Rev. Stats., arts. 1415, 1416, 2483, 1426; District Court Rule 93; Rules Court of Civil Appeals, 11; Gulf C. & S. F. Ry. Co. v. Jagoe, 40 S. W. Rep., 187; 1 Sayles' Texas Civ. Prac., sec. 736; Cassin v. Zavala County, 71 Texas, 203; Harris v. Cattle Co., 84 Texas, 674; Girardin v. Dean, 49 Texas, 246; Ross v. McGowen, 58 Texas, 609; Missouri P. Ry. Co. v. Scott, 78 Texas, 361; Ramsey v. McCauley, 9 Texas, 108; Hickey v. Behrens, 75 Texas, 495; Wichita V. Ry. Co. v. Peery, 88 Texas, 382; Nichols v. Dibrell, 61 Texas, 541; Sweatman v. Stratton, 74 Texas, 79; Missouri P. Ry. Co. v. Haynes, 82 Texas, 448.

BROWN, ASSOCIATE JUSTICE.—The defendants in error obtained from the judge of the District Court of McLennan County a writ of injunction to restrain the plaintiffs in error, and the sheriff of that county, from enforcing an execution issued out of the said court in the cause styled George M. Patton, Executor, against John P. Cox et al., for collection of costs which accrued in that cause but were not taxed in the bill of costs at the time the judgment was settled. The case was tried before the judge of that court, who filed the following conclusions of fact:

"1. I find that the case formerly pending in this court styled Geo. M. Patton, Exor., v. Jno. P. Cox et al.; and No. 8652 in this court, was originally brought in the District Court of Hill County in February, 1893, and was No. 2634 in that court, and that at the fall term, 1896, of said court an order was entered requiring the plaintiff Patton to pay all costs of court up to that time and that he did so.

"That the case was tried three of four times in Hill County before it was transferred to the District Court of McLennan County, which was on the 13th day of April, 1899. That in the transcript sent up on transfer of said cause from the District Court of Hill County to the District Court of McLennan County, which was certified to on May 1, 1899, there was a bill of all the costs of the case from its inception down to the date of the transfer, as shown by the various fee books of Hill County, as follows."

We omit the itemized bill of costs from this statement of fact, because it is unimportant as the case is now presented to us.

"2. I further find that said Patton obtained judgment in this court in said cause No. 8652 on the 18th day of February, 1901, for $1690.53, with 6 per cent per annum interest, together with all costs of suit, against the defendants therein, to wit, J. P. Cox, D. M. Matthews,

John D. Warren and H. M. Leary, which judgment also provided that these defendants have the same judgment over against their indemnitors, D. A. Kelley and Alice G. Herring, as executrix of the estate of M. D. Herring. The defendants in the case carried it to the Court of Civil Appeals, giving W. W. Seley and Meredith A. Sullivan as sureties on the appeal bond. And the judgment was affirmed by the Court of Civil Appeals on January 8, 1902, and judgment there entered, as shown by the mandate, that plaintiff Geo. M. Patton, Exor., aforesaid, do recover of the said plaintiffs, Cox, Matthews, Warren, Leary, Kelley, Herring (as executrix aforesaid) as principals, and their sureties, Seley and Sullivan, 'the amounts adjudged by the court below, and all costs in this behalf expended, and this decision be certified below for observance.'

"3. I further find that said Herring and Kelley on the 7th of April, 1902, paid to the attorney of said Geo. M. Patton $1803.50 in full settlement as to principal and interest of said judgment.

"4. I further find that said Herring and Kelley on the 22d of April, 1902, paid to the clerk of the District Court of McLennan County, $140.15, being the balance of costs due, as per the record in the Court of Civil Appeals in the case aforesaid of Geo. M. Patton, Exor., v. Jno. P. Cox et al., except as to the defendants' witnesses.

"5. I further find that said Herring and Kelley paid the fees of the defendants' witnesses in said case of Patton v. Cox et al. during May, 1902, and that the said Herring and Kelley paid $68.75 fee for transcript of the record in said case of Patton v. Cox et al. on said appeal.

"6. I further find that the said Herring and Kelley paid all the costs incurred in said case in the Court of Civil Appeals on the 10th of April, 1902, $31.20, and also all costs of the Supreme Court.

"7. I further find that the execution complained of in plaintiff's petition herein was issued by the clerk of the District Court of McLennan County, Texas, on the 30th day of May, 1902, in said case No. 8652, styled Geo. M. Patton, Exor., v. Jno. P. Cox et al., and was issued against John P. Cox, D. M. Matthews, John D. Warren, H. M. Leary, D. A. Kelley, Alice G. Herring, as executrix of the estate of M. D. Herring, deceased, as principals, and W. W. Seley and Meredith A. Sullivan as sureties, for the sum of $137.67 for costs due officers and witnesses of the District Courts of Hill and McLennan counties in said cause as set forth in the following bill, to wit:

| | |
|---|---:|
| "Issuing writ | $1.00 |
| "Swearing witnesses | 2.00 |
| "Oath without certificate | 3.00 |
| "Swearing and impaneling jury | .35 |
| "Filing papers | 1.35 |
| "Entering each order of judgment | 2.25 |
| "Issuing execution and return | 1.50 |
| "One-half transcript to McLennan County | 2.50 |
| "Total | $13.95 |

"Sheriff's fees summoning witnesses...................... $1.80
"Jury fee .............................................. 5.00
"Witness attendance .................................. 96.92
"Stenographer's fees ................................. 20.00

"Total .........................................$137.67

"All of which were incurred in District Court of Hill County, except stenographer's fees $20, which had been allowed by the district judge upon trial in McLennan County previous to the one appealed from and $1.50 charged for issuing and return of said execution. The witness fees which make up the charge of $96.92 in the foregoing bill, are made up of the following items, to wit:

"H. P. Harris.............................................$ 8.32
"J. H. Williams.......................................... 13.00
"W. R. Henderson........................................ 15.20
"B. N. Wills............................................. 14.00
"D. B. Cauble........................................... 12.80
"W. R. Jackson.......................................... 12.80
"J. R. Ballard........................................... 3.00
"M. V. Rites............................................. 7.00
"C. H. Hamm............................................. 6.40
"R. M. Davis............................................ 4.40

"Total .............................................$96.92

"All these fees accrued while the case was pending in the District Court of Hill County.

"I further find that the costs contained in the execution complained of were not entered upon the fee book kept by the clerk of the District Court of McLennan County until after the affirmance and settlement of the judgment and costs in the case of Patton v. Cox et al., as hereinbefore stated. And that the costs complained of in the said execution were not contained in the transcript of the said case on appeal as aforesaid. And that after the judgment and costs had been paid by plaintiff herein as hereinbefore stated, that the clerk of this court, with the advice and assistance of the attorney of said Patton, made up the said costs complained of in said execution from data contained in the record and papers in the case sent by transfer as aforesaid from the District Court of Hill County to the District Court of McLennan County, and cost bill paid by Patton and in his possession, and that costs thus taxed were put upon blank fee bills and pinned to the fee book, and upon this the execution for costs was issued. All of said costs, except the witness fee of J. R. Ballard for $3 and the $1.50 for issuing and returning said execution were paid by defendant Patton, and have not been paid by plaintiff. The $5 jury fee was incurred prior to the fall term, 1896, and was finally adjudged against Patton, and the remainder of the Hill County costs accrued after 1896 and were paid by Patton on and before

October 16, 1899, and the stenographer's fee of $20 was paid by him more than two years before this suit was filed. Ballard's fee was not paid by Patton. After the judgment in No. 8652 was entered in this court and before the appeal was taken, defendants therein made a motion to retax costs, but none of the items here involved were included in said motion or in the judgment entered thereon. I find that all of said Hill County costs, except the witness fees of C. R. Hamm for $6.40 and R. M. Davis for $4.40, were taxed on the fee book in Hill County, and are shown in the bill of costs which accompanies the transcript from that county to McLennan, and that they and the stenographer's fee of $20, except the $5 jury fee adjudged against Patton, could have been properly entered on the fee book in McLennan County as part of the costs in said cause and copied into the transcript on appeal of said cause No. 8652, and that affidavits of said Hamm and Davis were sent down with the record from Hill County proving up their attendance as witnesses, and that their names and amounts as claimed were included in a bill of costs made out by the clerk of Hill County for Patton on May 6, 1899, and by him paid October 16, 1899.

"After the injunction was issued in this case the sheriff returned the execution enjoined indorsed 'Returned this 10th day of June not executed by order of plaintiff.' "

Patton filed an answer in the District Court and also a cross-bill in which he admitted that the execution was improvidently issued and he did not resist a judgment enjoining that execution, but insisted that the court should not enjoin the issuance of executions in the future upon the said judgment. He set up with proper allegations the bill of cost for which the execution had been issued, alleged that it accrued in the former suit and that it had not been paid by the defendants in the judgment but had been paid by himself; that it had been omitted by the clerk when the bill of cost was taxed. He prayed the court for judgment against the plaintiffs for the amount of the said bill of cost and also asked for any relief to which he might be entitled upon the facts alleged. The court entered judgment perpetuating the injunction and enjoining all the parties from issuing execution upon the said judgment in the future. The District Court held that it had no jurisdiction to retax the cost in the case and refused any relief to Patton. The Court of Civil Appeals affirmed the judgment of the District Court. The judgment of the District Court in the case of George M. Patton, Executor, against John P. Cox et al., adjudged the costs in favor of the plaintiff against the defendants, but did not fix any amount of cost to be collected, nor did it specify the items of cost to be allowed. The affirmance of that judgment by the Court of Civil Appeals did not change its effect in this particular.

Article 2324, Revised Statutes, directs the taxing of cost and issuing of executions in the following language: "From and after the adjournment of every district or county court it shall be the duty of the clerk

thereof to tax the costs in every case in which a final judgment has been rendered against the party liable therefor under such judgment, and which have not been paid by him, and to issue execution for the enforcement of such judgment and the collection of such costs." The taxing of the cost is not an adjudication by the clerk of the items specified nor of the amount, but is simply the performance of a ministerial duty, which, if erroneous, may be corrected by the court upon a motion made for that purpose.

The fact that the defendants in that judgment paid off the principal and interest adjudged against them and the cost which had been taxed by the clerk did not constitute a bar to retaxing the cost. Houston & G. N. Ry. Co. v. Jones, 43 Texas, 133. In the case cited the costs had been taxed against the defendants and execution issued which was levied upon his property, but no sale was made for want of time, and the sheriff returned the execution into court. Before the meeting of the court the defendant in execution filed a motion to retax the cost, and, after the term began, he filed an additional motion setting up other grounds. The court entered an order retaxing the costs, rejecting some items; the defendant paid to the clerk the amount of costs allowed by the court. On the next day the plaintiff made a motion for the court to reconsider its judgment, retaxing the costs, which was done, and the costs again taxed allowing fees which had been previously disallowed. This judgment was approved by the Supreme Court. The District Court had jurisdiction to retax the cost in this case and erred in refusing so to do.

Upon the trial the district judge found and specified the particular items and amount of costs in the case of Patton, Executor, against Cox et al., which had been omitted by the clerk from the bill on which execution was issued, and found that the costs had been paid by Patton and had not been paid to him by the plaintiffs in the injunction suit, but declined to enter judgment for the amount. Having acquired jurisdiction of the case, the District Court had authority, and it was its duty to adjudicate the rights of the parties as they appeared from the evidence and the pleading in the injunction suit. The defendant admitted that the execution enjoined was improperly issued and pleaded his claim for cost in reconvention against the plaintiffs in the execution, and he was entitled to have judgment entered in his favor for the amount found to be due him. Lockart v. Stuckler, 49 Texas, 765; Witt v. Kaufman, 25 Texas Supp., 384; Willis v. Gordon, 22 Texas, 241; Seymour v. Hill, 67 Texas, 385.

In Lockart v. Stuckler, above cited, an execution issued by the clerk for cost was enjoined upon application of the defendant upon the ground that some of the items of cost were incorrect. The trial court upon an examination of the facts retaxed the cost and rendered judgment in favor of the clerk against plaintiff in the injunction for a sum larger than the cost bill embraced in the execution. This judgment was

approved by the Supreme Court of this State in that respect but reversed on other grounds.

The District Court erred in not entering judgment for George M. Patton, executor, against the plaintiffs for the amount found to be due from them to him for costs paid by him for which they were liable under the judgment in the former case. It is therefore ordered that the judgments of the District Court and of the Court of Civil Appeals be reversed and that this court proceed to enter upon the findings of fact filed by the district judge such judgment as the District Court should have entered. It is therefore further ordered that the plaintiff in error George M. Patton do have and recover of and from John P. Cox, J. D. Warren, H. M. Leary, D. M. Matthews, Alice D. Herring, D. A. Kelley, W. W. Seley and M. A. Sullivan the sum of $128, with 6 per cent interest thereon from the 6th day of October, 1902, together with all costs of the Court of Civil Appeals and of this court. That John W. Baker go hence without day and that all costs incurred by him be paid as herein adjudged against the other parties. And that the said John P. Cox, J. D. Warren, H. M. Leary, D. M. Matthews, Alice G. Herring, D. A. Kelley, W. W. Seley and M. A. Sullivan recover of George M. Patton, executor, all costs of the District Court, and that this judgment be certified to the District Court of McLennan County for observance.

*Reversed and rendered.*