## W. L. BAIRD ET AL. v. T. B. BLAIR.

Decided May 5, 1909.

**Taxation of Costs—Stenographer's Fee.**

The taxation as costs against an unsuccessful plaintiff of a stenographer's fee for taking the testimony in a former trial, in which judgment recovered by him was reversed on defendant's appeal, though no allowance of same had been made by the court until, on a motion to retax costs, it was allowed to stand, is sustained. Though originally entered by the clerk without being allowed as required (Rev. Stats. Art. 1296) the action on the motion to retax was a sufficient

allowance of the sum by the court, and this could be done at a term subsequent to that at which the case was disposed of.

Appeal from the District Court of Milam County. Tried below before Hon. J. C. Scott, Judge.

G. T. Moore and Monta J. Moore, for appellants.

W. A. Morrison and J. T. Pemberton, for appellees.

FISHER, Chief Justice.—This is an appeal from the action of the District Court of Milam County in overruling appellant's motion to retax the costs in the case of Baird v. Blair. The case was twice tried in the District Court of Milam County, and the first verdict and judgment were in behalf of Baird, from which an appeal was perfected to the Court of Civil Appeals, where the case was reversed and remanded. Thereafter, at the April term of the District Court of Milam County, judgment was rendered in behalf of defendant Blair, from which no appeal or writ of error was sued out. After the adjournment of the term, the clerk of the District Court in vacation taxed as costs against the plaintiff in said cause a stenographer's fee of $425. The trial court had not fixed any sum as a reasonable compensation for the stenographer, or approved any item of cost of that character, and it appears that the item was entered by the clerk upon the fee book upon the request of one of the attorneys for the defendant.

Plaintiff filed his motion in the District Court to retax, and requested that this item be stricken from the fee book as costs, upon the ground (1) that the item of $425 is not for any costs legally incurred in the case; (2) that the item was never authenticated or presented to nor allowed by the court, nor fixed and approved by it as an item of costs, as required by law; (3) that the stenographer was appointed by the court to take down and preserve the testimony adduced in evidence in the trial of the case, and that said stenographer did not take down and preserve the testimony; (4) that if any sum is due as such costs as a charge against the plaintiff, the item of $425 is unreasonable; (5) the clerk had no authority to enter the item upon his fee book. The motion prayed that the item be stricken from the fee book and decreed to be an improper and unlawful charge against the plaintiff, and in the alternative, that if the item be determined a proper charge against the plaintiff, a reasonable charge only be fixed by the court for whatever services might have been rendered by the stenographer.

The appellee filed a motion that the costs taxed be retaxed by increasing the amount to $525. Upon these motions the court rendered a judgment to the effect that they both be overruled, and that the item of costs of $425 be allowed to stand as taxed in the bill of costs.

The stenographer was appointed by authority of article 1295 of Sayles' Civil Statutes, whose compensation was to be fixed as prescribed in article 1296. The statement of facts shows that the stenographer was appointed by the court, and that he acted as such in taking down the evidence that was offered upon the first trial of the case. From his notes of the evidence so taken he, upon the request of the appel-

lants in that case, delivered to them copies of the testimony, from which the appellants prepared their statement of facts. The appellants paid the stenographer, as compensation for such services, the sum of $525, and thereafter requested the clerk to tax as a part of the costs in the case the item of $425 as stenographer's fees, which item was properly entered by the clerk on the fee book. Prior to this the court did not approve the stenographer's claim or allow this sum or any other as a reasonable compensation to him. The article of the statute last mentioned says that the stenographer shall be allowed a reasonable compensation, not to exceed twenty cents per hundred words, to be fixed by the court and taxed in the bill of costs. It appears from page 11 of the statement of facts that there were 1,025 pages of the transcript thus delivered by the stenographer to the appellant, and that each page contained about 275 words, which at twenty cents a hundred words would be a sum greater than that fixed by the clerk and allowed by the court in its judgment as costs to the stenographer. The judgment of the court overruling the motion to retax and determining that the item of $425 shall stand as a proper item upon the fee book, is tantamount to an approval and allowance of that sum as reasonable compensation.

The power of the court to determine this question and to make this allowance in its judgment, we think, is well settled by the case of Patton v. Cox, 97 Texas, 253, where it was held that the court could, subsequent to the term at which the case was disposed of, entertain a motion to retax the costs and to determine by its judgment what should be allowed.

There is no cross-assignment by the appellee to the action of the court in refusing to increase the item of costs to $525. The assignments present no reversible error. Judgment affirmed.

*Affirmed.*