### ARCHER v. COLE.

(Court of Civil Appeals of Texas. Dallas. May 24, 1913. Rehearing Denied June 21, 1913.)

Costs (§ 216*)—Correction Subsequent to Term.

Though a court has no jurisdiction over its judgment when legally rendered, after the term has expired, a party against whom costs have been improperly assessed by the clerk may lawfully move to have such costs retaxed after the adjournment of the court for the purpose of eliminating items illegally or improperly taxed, but not to have such items taxed against his opponent.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 823; Dec. Dig. § 216.*]

Appeal from District Court, Navarro County; H. B. Daviss, Judge.

Action by P. H. Archer against F. P. Cole. From a judgment sustaining a general demurrer to the plaintiff's motion to retax costs, he appeals. Reversed and remanded.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Simkins & Simkins, of Corsicana, for appellant. Callicutt & Call, of Corsicana, for appellee.

RAINEY, C. J. This is an appeal from a judgment sustaining a general demurrer urged against a motion to retax costs made by appellant in the above-styled case. On the original trial of said case upon its merits judgment was rendered against P. H. Archer, appellant herein, and in favor of F. P. Cole, for all costs of suit, and an execution awarded in favor of the officer of court for the costs. No amount was specified in said judgment as the amount of the costs, and the said Archer was not adjudged to pay any certain amount as costs. The bill of costs was not made out and presented to Archer until after the adjournment of court. Subsequent to the presentation of said bill of costs Archer filed a motion to retax the costs, alleging certain of the items thereof to be illegal and not proper charges, as against him, after praying for said costs to be retaxed, and that all improper and illegal items be stricken from said bill of costs, and further praying that all items not properly taxed against him should be taxed against F. P. Cole, and for such other and further relief as the nature of the case requires.

The court in sustaining the demurrer seems to have considered the motion as one to correct the judgment as to the costs adjudged, and as coming too late, being filed after the adjournment of court. In so far as the motion seeks to have F. P. Cole taxed with the illegal and improper items, the motion should not be considered, but we think the motion, properly construed, shows that Archer was seeking relief from items that were illegally or improperly taxed as costs. This we think he had the right to do. It is true by this motion he could not correct the judgment by having it changed and Cole taxed with any illegal and improper costs that had been assessed by the clerk. The judgment of the court, not adjudging any specified amount of costs against Archer, should be construed to mean the costs that were properly and legitimately incurred in the prosecution and defense of the case; and, if the clerk had assessed costs that were improperly and illegitimately incurred, the court should have investigated and relieved Archer of the burden of paying such items, if there were any such. That a court has no jurisdiction over its judgment when legally rendered, after the term of court at which it was rendered expires, is well settled, and it is equally well settled that where costs are improperly assessed by the clerk against a party, such party may move to have such costs retaxed after the adjournment of court. This proposition is not contested by appellee. However, we cite, as bearing on this proposition, Hardy v. De Leon, 7 Tex. 466; Railway Co. v. Jones,

46 Tex. 140; Patton v. Cox, 97 Tex. 257, 77 S. W. 1025. The motion, in so far as it sought relief from the items of cost improperly and illegally assessed against appellant, stated a good cause of action, and the court erred in sustaining a general demurrer thereto.

The judgment is reversed, and the cause remanded.