**VACUUM OIL CO. v. LIBERTY REFINING CO. et al. (No. 1449.)**

(Court of Civil Appeals of Texas. El Paso. April 12, 1923. Rehearing Denied May 10, 1923.)

**1. Costs ☜216—Good cause must be shown to authorize change in order as to costs entered and from which there is no direct appeal.**

The authority of a court for changing its order or judgment as to costs when once entered of record, and from which there is no direct appeal, is controlled by Vernon's Sayles' Ann. Civ. St. 1914, art. 2048, providing that the court may for good cause to be stated on the record adjudge the costs otherwise than as provided in the preceding articles of the chapter, and a failure to note a good cause for a change in an order is reversible error.

**2. Costs ☜216—Taxing costs ministerial duty of clerk.**

Taxing costs, while not an adjudication by a clerk, is a ministerial duty of the clerk of the court, and a motion may be filed and maintained at any time if the clerk has not taxed them as directed by the court, and, where the court has directed the taxing of the costs, it has no jurisdiction to correct its judgment after the adjournment of the term for the purpose of taxing them to another party and without good cause stated on the record.

**3. Costs ☜216—Motion to retax costs fixed by judgment applies only to costs not taxed in conformity thereto.**

When the judgment fixes the costs against one party, a motion to retax or readjust the costs so ordered can apply only to costs not taxed in conformity to the judgment.

**4. Judgment ☜403—Trial court may re-examine case on merits when judgment has been obtained by fraud, accident, or mistake.**

The district courts, in the exercise of their equitable powers, may grant, by re-examining the case on its merits, such relief as equity and justice may demand, when it is made to appear that a judgment has been obtained by fraud, accident, or mistake, without any want of diligence on the part of the person against whom rendered.

**5. Costs ☜216—Pleading held insufficient to authorize reopening of judgment awarding costs.**

A pleading is insufficient to authorize the court to reopen a judgment for the purpose of adjusting costs, where it merely presents questions which were at issue when the case was tried, the moving party being chargeable with knowledge of all orders and of the judgment entered; and from which no appeal was taken, there being no showing that the judgment was entered through fraud, accident, or mistake.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Action by the Vacuum Oil Company against the Liberty Refining Company and others, wherein the Cisco Banking Company intervenes. From the judgment, plaintiff appeals. Reversed and rendered.

See, also, 247 S. W. 597.

Vinson, Elkins & Wood, of Houston, and Merritt & Leddy, of Dallas, for appellant.

B. W. Patterson, of Cisco, for appellees.

WALTHALL, J. In June, 1920, the Vacuum Oil Company, a foreign corporation, filed

a suit in the district court of Eastland county against the Liberty Refining Company, a Texas corporation, to recover damages amounting to $274,000, alleged to have been sustained on account of the refusal of the Liberty Refining Company to comply with the terms of a written contract to deliver to plaintiff certain of its refined products.

It was also alleged that the Liberty Refining Company at the time was indebted to various other persons and corporations in the proximate sum of $150,000, and was unable to meet its obligations and current expenses, and had ceased to function as a going concern and was insolvent, that its property consisted of a complete refining plant, incumbered with a deed of trust to secure indebtedness due certain creditors, and that said creditors were threatening to sell such property under the power of sale given in said instrument, and that, if such sale was permitted, the property would not bring its real value, but would be sacrificed, and plaintiff and other unsecured creditors would probably lose their debts. Plaintiff asked for the appointment of a receiver to take charge of, preserve, and manage the property and business of the defendant, and that upon a hearing a permanent receiver be appointed for the defendant company, and for judgment against defendant for its damages.

Defendant waived citation, entered appearance, and consented to the appointment of a receiver. The court appointed two parties to act as joint receivers. Each qualified on the 4th day of August, 1920, and took possession of the property of defendant.

On the 7th day of August, 1920, the Cisco Banking Company, one of the appellees, caused the trustee in its deed of trust given by the Liberty Refining Company to secure its indebtedness to that company in the sum of $52,486.98 to advertise said property for sale, same being the property then held by the receivers.

On the 30th day of August, 1920, plaintiff, Vacuum Oil Company, applied for and was granted an injunction restraining the trustee in the deed of trust from selling, or attempting to sell, the property of the Liberty Refining Company under the deed of trust, until further order of the court.

On the service of the writ of injunction the Cisco Banking Company was granted leave and filed its plea of intervention in this cause. It set up the execution of certain notes and the deed of trust executed by the Liberty Refining Company prior to the date of the receivership, giving a first lien upon all of its property to secure the notes, that under the terms of the deed of trust the trustee was proceeding to advertise and sell such property to satisfy such indebtedness, and that other parties, named, were also asserting liens on said property, but which liens were subordinate to intervener's said lien. Intervener alleged that plaintiff was an unsecured creditor of defendant refining company, and, with other unsecured creditors of defendant, could receive no benefit from the receivership proceedings, nor from the proceeds of the property in the hands of the receivers, consisting of an oil refinery, and at that time idle, and rapidly depreciating in value, and, if allowed to so remain, and in the hands of the receivers, would consume itself to the damage of the intervener and other lienholders; that the interests of the creditors of defendant did not require the appointment of receivers nor the continuance of the receivers appointed; that there was no reasonable probability of the properties being sold for more than enough to satisfy the valid liens against the property and the cost of the receivership to date. Intervener asked that the lien creditors named, not then parties, be required to interplead, the claims be determined and adjusted, and their priorities established; that the trustee in intervener's deed of trust be authorized to sell the properties as provided in the deed of trust, and the proceeds be applied to the lien claims as to the court may seem proper, and the residue of such proceeds be disposed of as to the court may deem equitable.

Thereafter a master in chancery was appointed to pass upon the claims against defendant refining company and to establish priorities of the claims. Report of the master in chancery was duly made and approved by the court. Intervener Cisco Banking Company's claim was established as a prior lien on the property of defendant approximately in the sum of $62,000, except as to some labor claims which were given priority, and finding the total of lien claims, not including interest, attorney fees, nor taxes, $126,762.28.

On application of an intervening creditor the property was finally ordered sold by the receiver on November 27, 1920. The sale was made to the intervener, Cisco Banking Company, for $65,000, and confirmed by the court on February 14, 1921. The receivers under order of the court executed a deed to the purchaser, intervener being the purchaser, reciting the above consideration fully paid. All claims against the refining company were severally ordered paid by the court according to the classification and amount as reported by the master in chancery, and in the order provided by the statute.

The questions presented here arise upon the following subsequent proceedings:

At the April term (June 4), 1921, of the court, a jury being waived, judgment was entered in favor of plaintiff, Vacuum Oil Company, and against the defendant, Liberty Refining Company, in the sum of $90,000, and for all its costs expended, and awarding ex-

ecution. The record. does not show that an appeal was prosecuted from that judgment.

Intervener, Cisco Banking Company, on June 20, 1921, filed what is designated as its motion to tax all of the costs of the receivership in this case against the plaintiff, stating therein the grounds for the motion. The motion is lengthy, but in substance restates substantially the facts set up in its plea in intervention, the disposition made of the defendant's property, its insufficiency to liquidate the prior and preferred claims, insists that its lien on the property is paramount to the costs of the receivership proceedings and should not be charged with the costs and expenses of the receivership, and prays that as between it and plaintiff the costs of the receivership be taxed against plaintiff, and that it have judgment over against plaintiff for the amount of such costs and expenses as may have been paid out of the proceeds of the sale of defendant's property by the receivers, and for such relief to which he might be entitled.

Plaintiff, at the April term, 1921, of the court, filed a counter motion to that of intervener to tax the costs of the receivership. No action was taken on either motion at the June term, but at the August term evidence and argument were heard on the motion, and the motion was taken under advisement by the court and continued without prejudice, for the term without further ruling thereon. No action was taken on the motion at the October term. At the December term the motion to tax the costs of the receivership against plaintiff was sustained in part, the court taxing one-half of the costs of the receivership, amounting to the sum of $4,762.-51 against the plaintiff, appellant here, and one-half against intervener, Cisco Banking Company, and rendering judgment in favor of intervener, Cisco Banking Company, and against plaintiff for the above amount, to which judgment plaintiff and intervener severally excepted and gave notice of appeal. Each filed assignments of error, and the plaintiff has perfected its appeal.

## Opinion.

Under several propositions appellant, Vacuum Oil Company, questions the power and authority of the trial court to readjust the costs different from that provided in the judgment of June 4, 1921, without stating on the record good cause therefor.

Appellant also insists that intervener's motion to tax the costs, having been filed at the June term, and not having been passed upon at that term and subsequent terms, and not until December 17, 1921, was overruled by operation of law at the expiration of the term at which same was filed, and that the court was without jurisdiction to sustain the motion on December 17, 1921; that appellant having recovered a judgment for all, costs incurred against defendant Liberty Refining Company at the April term (June 4, 1921), and no motion to reform said judgment as to costs at that term, and no appeal having been taken therefrom, same became a final judgment at that term, and could not be amended or modified by the court at any subsequent term of the court.

Article 2035, Vernon's Sayles' Texas Civil Statutes, provides:

"The successful party to a suit shall recover of his adversary all the costs expended or incurred therein, except where it is or may be otherwise provided by law."

Article 2048 of the same statute provides:

"The court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided in the preceding articles of this chapter."

Regarding the instrument filed by the intervener as a motion to tax or retax the costs of the receivership, the question of the application of the two articles of the statute above quoted to the facts presented by the record is presented. The first article above states the rule for taxing the costs as between the "successful party" and his "adversary." As between appellant and intervener, Cisco Banking Company, did they sustain such relationship in the suit, and in the judgment in which the trial court rendered judgment in favor of appellant and against the defendant refining company for its debt and awarded to appellant "all costs in this behalf expended," as to include the costs of the receivership, to which the motion is directed? The funds in the hands of the receiver are the proceeds from the sale of the defendant's property, and would be subject to appellant's judgment and the payment of the costs of the suit, if not otherwise applied under some statute or rule. Intervener filed its pleading in intervention contesting appellant's claim to have the property applied to the payment of its debt and costs, and under the issues thus presented the property of the defendant was sold and the proceeds disposed of as stated. Under article 2135, Revised Statutes, the costs of the receivership are made a special item in the application of the funds in the hands of the receiver and claims preferred, and it directs that such moneys shall be applied, "first, to the payment of all court costs of the suit"; then follow the directions as to the application of the moneys in the hands of the receiver to other claims in the order as there provided. The several orders made by the court show the application of the money in the hands of the receiver in due order to the several claims allowed and classified by the master in chancery, including the costs of the receivership.

In the court's judgment disposing of the motion, after stating the amount of the costs, it recites that the intervener (the purchaser

of the property at the receiver's sale) had deposited with the clerk of the court out of the proceeds of the sale of the property of the defendant "sufficient to pay off and liquidate said costs and expenses, and that such funds have been used for that purpose." The motion then could not have for its purpose the distribution or redistribution of any of the funds in the hands of the receiver, or funds in the registry of the court. So far as the record shows, the court had made no order or entered no judgment as to costs other than the orders distributing the funds, the proceeds from the sale of the property by the receiver, and awarding appellant its costs in its judgment against the defendant refining company.

[1] If the motion is to be regarded as one to tax or retax the costs, as insisted by appellant, Vacuum Company, in any of the matters then pending before the court at the term at which it was filed, the court had then entered its orders and judgment as to costs, and the motion should have been acted upon at the April term, and to modify or change its order or judgment as to costs otherwise than as previously ordered or awarded, the court should state on the record, which does not appear, a good cause for so doing. We think the court's authority for changing its order or judgment as to costs when once entered of record, and from which there is no direct appeal, is controlled by the statute above stated, and a failure to so note a good cause for the change in its order is reversible error. Lyon-Gray Lumber Co. v. Dunbar (Tex. Civ. App.) 158 S. W. 1167; Lumpkin v. Williams, 56 Tex. Civ. App. 160, 119 S. W. 917; City of Houston v. Stewart, 40 Tex. Civ. App. 499, 90 S. W. 49; and other cases we have examined.

It is not the contention of the intervener, appellee here, that its motion was one for a new trial or in arrest of judgment, or to modify or set aside a former judgment rendered, or to tax or retax the costs, as between the plaintiff and defendant, but in its brief insists that the motion is a statement of the facts constituting its cause of action against the plaintiff, appellant here, under article 1819, R. S.

[2] Whatever the motion may be designated, it is in no sense a motion to retax costs, but, if a motion at all, it is a motion to readjust the costs of the receivership, and to charge them to the plaintiff in the suit, for reasons stated in the motion. Taxing costs, while not an adjudication by the clerk, is a ministerial duty of the clerk of the court, and a motion may be filed and maintained at any time if the clerk has not taxed them as directed by the court. Where the court has directed the taxing of the costs, it has no jurisdiction to correct its judgment in that respect after the adjournment of that term, for the purpose of taxing them to another party, and without good cause stated on the

record. Hedgecoxe v. Conner (Tex. Civ. App.) 43 S. W. 322; Archer v. Cole (Tex. Civ. App.) 157 S. W. 1183; Patton Ex. v. Cox, 97 Tex. 253, 77 S. W. 1025.

[3] When the judgment fixes the costs against one party, a motion to retax or readjust the cost so ordered can apply only to costs not taxed in conformity to the judgment. Beaumont Irrigating Co. v. DeLaune (Tex. Civ. App.) 173 S. W. 514.

The record shows that after all of the orders of the court had been made and entered disposing of all of the proceeds from the sale of the defendant's property in the hands of the receiver, including the costs of the receivership, and the costs of the receivership had been paid and adjusted under such orders, the court entered its final judgment in favor of the plaintiff and against defendant, and awarding plaintiff all costs it had expended, and that no appeal from any order or judgment had been taken. The court could not acquire jurisdiction to readjust costs already adjusted upon a motion filed by either party, after that term had ended, and a judgment upon motion entered at that term to readjust such costs embraced in any order or judgment, whether acted upon at that or a later term, should note on the record a good cause for any change in taxing or readjusting the costs.

The question still remains: Does the intervener's pleading, whether a motion to readjust the costs, or a proceeding in the nature of a bill of review in equity, or a statement of a cause of action under article 1819, Revised Statutes, show such facts as to authorize the court to reopen the case, if that is the purpose of the pleading, or does it state a new cause of action under article 1819 in favor of the intervener against the Vacuum Oil Company?

[4] The law seems to be well settled in this state that the district courts in the exercise of their equitable powers may grant, by re-examining the case on its merits, such relief as equity and justice may demand, when it is made to appear that a judgment has been obtained by fraud, accident, or mistake, without any want of diligence on the part of the person against whom rendered.

[5] But none of the facts that make applicable the rule above are made to appear by the record. Every question suggested by the pleading of intervener, without restating them here, was at issue in the case then pending before the court. The intervener was chargeable with the knowledge of all the orders and judgment entered of record by the court, and from which, the record discloses, no appeal was taken.

We have concluded that the intervener, by the pleading presented, could not, under the facts disclosed by the record, reopen the case and have entered a judgment in his favor against the Vacuum Oil Company for the costs of the receivership. We sustain the

assignments of the appellant and overrule the cross-assignments of the intervener, Cisco Banking Company.

The judgment of the trial court in rendering judgment for one-half of costs of the receivership against the Vacuum Oil Company in favor of the Cisco Banking Company is reversed, and judgment here rendered that the Cisco Banking Company take nothing by this proceeding.