**TEXAS & N. O. R. CO. v. OWENS. (No. 1609.)**

Court of Civil Appeals of Texas. Beaumont. Nov. 3, 1927.

1. Judgment ⬅➡345—Adjudication of costs held "final judgment," not subject to vacation after term ended.

Where, before any order was made for costs, plaintiff, after judgment in her favor, prepared and had the clerk of the court enter upon his minutes a judgment for the amount of the verdict plus costs, whereupon defendant filed a motion during term to expunge the judgment and have different costs judgment entered, *held*

that the judgment for costs entered upon hearing of such motion was a "final judgment," so that after term the court could not, upon motion, reopen the case and modify its judgment; the only relief being by appeal or by an independent suit in equity.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

2. Costs ⬅➡230—Statute relative to taxing appeal costs is mandatory if good cause for different taxing be not shown (Rev. St. 1925, arts. 2065, 2066).

Rev. St. 1925, art. 2065, providing for taxing of costs upon appeal if the judgment of the appellate court be against the appellant for a smaller sum than in the trial court, is mandatory, and costs must be taxed accordingly unless good cause for taxing otherwise as provided by article 2066 be shown.

3. Costs ⬅➡247—Where appeal costs were payable by appellees, taxing appellant for witnesses called but not used held not permissible, under "good cause" provision of statute (Rev. St. 1925, arts. 2065, 2066).

Where upon appeal from justice to county court judgment was rendered against the appellant, but for smaller amount than the original judgment, so that under Rev. St. 1925, art. 2065, the costs of appeal were properly taxable against appellees, taxing appellant for five extra witnesses called but not used *held* not permissible, not constituting "good cause," within article 2066, authorizing court for good cause to tax costs otherwise than provided in chapter.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Good Cause.]

4. Costs ⬅➡264—Burden of proving more witnesses were called than used so that costs should be taxed against one calling them rests upon party so asserting (Rev. St. 1925, arts. 2057, 2065, 2066).

Where party compelled to pay costs of appeal under Rev. St. 1925, art. 2065, urged that the cost of extra witnesses called by the adverse party but not used should be taxed to the adverse party under article 2066, providing that for good cause the court may adjudge costs otherwise than as provided in article 2065, the burden of proving that more witnesses were called than are permitted under article 2057 rests upon the party so asserting.

Appeal from Nacogdoches County Court; F. P. Marshall, Judge.

Action by Mrs. Carrie B. Owens against the Texas & New Orleans Railroad Company. A judgment was awarded plaintiff in a justice court, and upon appeal the cause was tried de novo in the county court. Judgment for plaintiff, and defendant appeals from that part of the judgment readjudicating the costs. Reversed.

Seale & Denman, of Nacogdoches, for appellant.

J. J. Greve, of Nacogdoches, for appellee.

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

WALKER, J. Appellee sued appellant in the justice court of Nacogdoches county for the value of a horse killed through its negligence, and recovered judgment for the sum of $100 as the value of the horse, and $20 attorney's fees. Appellant appealed to the county court, where, upon a trial de novo, appellee recovered judgment for $50 as the value of the horse. Without the knowledge or consent of the trial court, and before any order was made adjudicating the costs, appellee prepared and had the clerk of the county court enter upon his minutes a judgment in her favor against appellant for the sum of $50 and interest, and taxing all costs, both of the justice court and of the county court, against appellant. Upon being notified that such an order had been entered, appellant filed a motion on the 1st day of February, 1927, to expunge that judgment from the minutes and to have entered a judgment under the provisions of article 2065, Revised Statutes 1925, taxing against it the costs of the justice court and against appellee, as her justice court judgment had been reduced, the costs of the county court. This motion was heard by the court in the absence of appellee or her attorney and judgment entered adjudicating the costs as per appellant's motion. This judgment was the first order made by the trial court adjudicating the costs. That term of the county court adjourned on the 5th day of February, 1927. Six days after the adjournment of the term appellee filed in this cause a motion denominated by her, "Plaintiff's Motion to Retax Costs," alleging fraud on the part of appellant in having entered the final judgment at the preceding term, but pleading no facts constituting fraud. She also alleged that appellant summoned eleven witnesses to the trial of the cause and used only six, and prayed that the costs of serving the remaining five and their fees be taxed against appellant. This motion was heard at the ensuing April term, and judgment entered thereon taxing appellant with the sum of $19.92, being the costs incident to the five witnesses summoned by appellant but not used by it on the trial. On motion of appellant the trial court filed conclusions of law and fact as sustaining its order readjudicating the costs. The only conclusion in point is as follows:

"The court finds that it is inequitable for defendant to compel the attendance of eleven witnesses, five of whom are not used, and to put the costs of clerk, sheriff and said five witnesses upon plaintiff, but that defendant should be and is hereby taxed with the $19.92 incident to said witnesses. The motion to retax costs is granted and the costs retaxed $19.92 being adjudged against defendant and $34.63 adjudged against plaintiff and that defendant and plaintiff respectively have execution for said costs."

## Opinion.

[1, 2] The judgment of the court adjudicating the costs of the county court against appellee was a final judgment against which she could have relief only by appeal or by an independent suit in equity. The court could not, after the adjournment of the term at which the judgment was entered, reopen the case and modify or change its judgment upon a mere motion filed by either party. While appellee denominated her motion, "Plaintiff's Motion to Retax Costs," it was, in fact, a motion to readjudicate the costs; and that such a motion cannot be entertained after the adjournment of the trial term was one of the points in issue in Vacuum Oil C. v. Liberty Refining Co. (Tex. Civ. App.) 251 S. W. 321, cited by appellee, where it was said:

"The court could not acquire jurisdiction to readjust costs already adjusted upon a motion filed by either party, after that term had ended."

But the motion was without equity. Article 2065, providing, "When a case is appealed, if the judgment of the higher court be against the appellant, but for less amount than the original judgment, such party shall recover the costs of the higher court but shall be adjudged to pay the costs of the court below," etc., is mandatory, and the costs must be taxed accordingly (Bassett v. Brown [Tex. Civ. App.] 260 S. W. 221; Fike v. Allen [Tex. Civ. App.] 269 S. W. 179), unless the court tax the costs otherwise, under article 2066, providing, "The court may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided in this chapter." Article 2057 provided: "In no cause shall there be allowed the fees of more than two witnesses to any one fact."

[3, 4] The conclusion of the court retaxing the costs on the equitable grounds stated is not "good cause" within the provisions of article 2066. Appellant had the legal right to summon and recover the costs of "two witnesses to any one fact." The court does not intimate by any of its conclusions that appellant had summoned more than two witnesses "to any one fact," nor does it find that the witnesses charged against appellant under appellee's motion were summoned in violation of this article, or were not summoned in good faith. "Good cause" must be deduced from the facts in evidence before the trial court, and unless such facts are shown the costs must be taxed as the statutes direct. The burden rested upon appellee to prove that the witnesses complained of had been illegally summoned, and she did not attempt to meet that burden. Texas & P. R. Co. v. White (Tex. Civ. App.) 48 S. W. 530; Cabell v. Insurance Co., 22 Tex. Civ. App. 635, 55 S. W. 610.

For the reasons stated, the judgment of the trial court readjudicating the costs is reversed, and appellee's motion to readjudicate the costs dismissed.