### WIGGINS et al. v. HENSLEY et al.

#### No. 3245.

Court of Civil Appeals of Texas. Beaumont.
March 22, 1938.

Rehearing Denied March 30, 1938.

Crawford & Crawford, of Conroe, for appellants.

Pitts & Liles, of Conroe, for appellees.

COMBS, Justice.

This appeal involves the issue of taxing court costs. Appellants herein were the appellants in Wiggins v. Hensley, 90 S.W.2d 572, decided by this court on the 12th day of November, 1935; motion for rehearing overruled on the 15th day of January, 1936. The judgment of the trial court was against appellants, and contained the usual order that they pay all costs. On appeal to this court the judgment of the trial court was affirmed and petition for writ of error was dismissed by the Supreme Court during the 1935–1936 term. Thereafter appellants filed in the trial court a bill of review to correct the bill of costs by striking therefrom certain specific items for witness fees, etc., which it was alleged were improperly charged against appellants as costs in the case. On the allegations of their bill, appellants had paid costs amounting to about $3,700; items not paid, and attacked as improper charges were witness fees of 39 witnesses, aggregating $902.84, and certain items of sheriff's fees for summoning these witnesses. This appeal was prosecuted from the judgment of the trial court, sustaining a general demurrer to the bill of review.

It is, of course, settled law that a court cannot, on mere motion, modify a final judgment by readjudicating the costs, after adjournment of the term at which the judgment was entered. Texas & N. O. R. R. Co. v. Owens, Tex.Civ.App., 299 S.W. 516; Vacuum Oil Co. v. Liberty Refining Co., Tex.Civ.App., 251 S.W. 321; Gulf, C. & S. F. Ry. Co. v. Jagoe, Tex.Civ.App., 40 S.W. 187. Appellants do not question that proposition. They are here seeking no modification of the judgment which adjudicated the costs against them, but are merely seeking to have the court eliminate from the cost bill made out by the clerk items which they contend were illegally taxed.

The taxing of costs by the clerk of a court is a mere ministerial act. Where there has been no appeal, his mistake in taxing costs may be corrected by the trial court upon proper motion, after the close of the term of court at which judgment was entered. Patton v. Cox, 97 Tex. 253, 77 S.W. 1025; Archer v. Cole, Tex.Civ.App., 157 S. W. 1183. But in this case it appears that the transcript on the appeal of the principal case contained the bill of costs as provided

by statute. Vernon's Ann.Civ.St. art. 2281; see also rule 93, Rules District and County Courts. The very items here attacked as improper charges were included in that bill of costs. The sole issue presented by the appeal is whether appellants were required to make their objections to the cost bill on the original appeal.

In Archer v. Cole, supra, the case chiefly relied on by appellants, there had been no appeal of the case, and the opinion pointed out that the cost bill complained of was not delivered to the complaining party until after the close of the term of court; in other words, he proceeded with reasonable diligence to seek relief from the improper charges. It is our conclusion that, where a party to an appeal fails to seek relief from items of cost improperly taxed and brought forward in the transcript on the appeal, he thereby waives his right to complain; and that a motion made in the trial court, after termination of the appeal complaining of such items of cost for the first time, comes too late.

The judgment of the trial court is affirmed.