**Farrell Murray SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 848.**

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 31, 1973.

Rehearing Denied Sept. 24, 1973.

Edmond J. Ford, Jr., Corpus Christi, for appellant.

Davis Grant, Gen. Counsel, Austin, James R. Harris, Harris, Cook & Browning, Corpus Christi, for appellee.

OPINION ON MOTION FOR REHEARING

NYE, Chief Justice.

The State of Texas filed a Motion to Retax Costs in the above-styled case. The

motion was denied without an opinion. The State of Texas now requests that this court state its reasons for the denial of its Motion to Retax Costs. The State argues in effect that if the reason we denied their motion was for the lack of good cause, then this was an abuse of discretion. On the other hand, if we denied their motion for want of jurisdiction, we have made an error of law. Their apparent relief from our action depends on our reasons. We denied the motion for lack of jurisdiction.

A survey of the procedural steps will be helpful in explaining why this court believes it did not have jurisdiction to entertain appellee's Motion to Retax Costs of the appeal.

a) December 29, 1972—this court rendered its opinion, reversing and remanding the trial court's judgment

b) January 15, 1973—Motion for Rehearing filed by appellee

c) February 1, 1973—Motion for Rehearing overruled

c) February 1, 1973—Motion for Rehearing overruled

d) February 28, 1973—Second Motion for Rehearing dismissed w.o.j.

e) March 6, 1973—Application for writ of error to the Supreme Court was filed by appellee

f) April 25, 1973—Application refused (N.R.E.)

g) May 25, 1973—Motion for Rehearing in the Supreme Court overruled.

h) June 28, 1973—Motion to Retax Costs was filed in this court by appellee

i) July 31, 1973—Motion denied (without comment)

In reviewing the two motions for rehearing filed in this court and the application for writ of error filed by the State of Texas, we found that the appellee did not complain as a point of error or in any way of the adjudging of the costs of the appeal by this court.

This court's judgment reversing and remanding the cause, 490 S.W.2d 902, was emphatic in stating that the five causes of action were not severable and that the entire proceeding was reversed. This was so even though we exercised the inherent power of the appellate court to continue the appellant's suspension from the practice of law until the re-trial of the case. The opinion itself was silent as to the matter of costs of the appeal.

Rule 448, Rules of Civil Procedure, reads as follows:

*"In any cause reversed by the Court of Civil Appeals, the appellant shall be entitled to an execution against the appellee for costs occasioned by such appeal, including costs for the transcript, said costs to be taxed by the clerk of the said court. * * * Provided further, that nothing herein shall be construed to limit or impair the power of the Court of Civil Appeals to otherwise tax the costs for good cause."* (Emphasis supplied).

On June 28, 1973, after the Supreme Court refused the writ, stating that there was no reversible error, the appellee filed its Motion to Retax Costs in this court. The State argues that since they were successful in continuing the suspension of the appellant's right to practice law (at least until a re-trial of the case) they were at least partially successful, and the costs should be assessed against the appellant or at least the costs should be apportioned. The appellant answered, claiming that this court was without jurisdiction to reapportion the costs, citing the Supreme Court's holding in Reaugh v. McCollum Exploration Co., 140 Tex. 322, 167 S.W.2d 727 (1943). We agree.

In the Reaugh case the court of civil appeals reversed the trial court's judgment and adjudged all costs against the plaintiff, G. O. Reaugh. A supplemental transcript costing $400 was added to the bill of costs. No effort was made to have the costs retaxed in that court. Upon the petitioner's application for writ of error, the judgment of the court of civil appeals was

affirmed by the Supreme Court. The Supreme Court held that the motion to retax the costs should have been filed in the court of civil appeals. The Supreme Court continued:

> "A motion to retax the costs is distinguishable from a motion to have the costs readjudged. 11 Tex.Jur. 308. Where complaint is made of the ruling of the court in adjudging the costs against the wrong party, the error is inherent in the judgment and must be assigned and properly brought up on appeal as any other alleged error in the case. 11 Tex.Jur. 326; Harris v. Monroe Cattle Co., 84 Tex. 674, 19 S.W. 869. But the taxing of costs is not an adjudication by the court as to the correctness of the items taxed as such by the clerk. It is but the ministerial act of the clerk, and, if erroneous, may be corrected by the court upon motion filed for that purpose. 11 Tex.Jur. 311. Unless the right has been lost in some other manner, the injured party may file a motion in a lower court to have the costs retaxed, even though the main case has already been disposed of on appeal by a higher court. [citing cases]."

In the Reaugh case the petitioners were in fact complaining of only one particular item in the bill of costs. The motion to retax costs was the correct motion to file with the court of civil appeals to correct the ministerial act of the clerk. The purpose of this type of motion is to provide a remedy in the event that the clerk has failed through mistake, negligence, or omission to properly tax the costs. 15 Tex. Jur.2d Costs § 61 (1960).

In the case at hand, however, the State of Texas is not complaining of the taxing of costs as to any particular item or that a clerical error was made by the clerk. Rule 448 operated to adjudge the total costs against the appellee due to the reversal of the case (even though the opinion itself recited nothing about costs). The appellee's motion to retax is an attempt to have this court exercise its discretion at this late time to reapportion the costs between the parties,

under the discretionary power of this court as authorized by the later provision of Rule 448.

Where a point of error or a motion is made to have the costs readjudged, the error is inherent in the judgment and must be assigned (by motion for rehearing) and, if overruled, be properly brought up on appeal (by writ of error) like any other alleged error. Reaugh, supra; Harris v. Monroe Cattle Co., 84 Tex. 674, 19 S.W. 869; Wiggins v. Hensley, 114 S.W.2d 914 (Tex.Civ.App.—Beaumont 1938, err dism'd); Wood v. Wood, 159 Tex. 350, 320 S.W.2d 807 (1959). Here the State of Texas waived its right to complain. This motion made after termination of the appeal comes too late. Wiggins, supra. See also, the case of Vacuum Oil Co. v. Liberty Refining Co., 251 S.W. 321 (Tex.Civ.App.—El Paso 1923, err dism'd).

We hold that this court has no jurisdiction to entertain appellee's Motion to Retax Costs, and for the reasons herein stated, it was denied.

YOUNG, J., not participating.