**Bryan H. PUNDT et ux., Appellants,**

v.

**M. E. McNEILL, Appellee.**

**No. 847.**

Court of Civil Appeals of Texas, Corpus Christi.

Dec. 13, 1973.

J. M. Burnett, Dyer, Redford, Burnett, Wray & Woolsey, Corpus Christi, for appellants.

Harry J. Schulz, Three Rivers, for appellee.

OPINION

PER CURIAM.

Appellants have filed a motion to withdraw or correct the mandate and to adjudge the costs on appeal equally between the appellants and appellees. The appellants, husband and wife, appealed the entry of a judgment overruling their plea of privilege. The Court of Civil Appeals, 500 S.W.2d 559, affirmed the judgment of the trial court as to the appellant husband but reversed and rendered (after severance), the trial court's judgment as to appellant Mrs. Bryan H. Pundt and ordered the cause of action as to her transferred to Bee County, Texas. The Court made no mention of adjudicating the costs of the appeal in its opinion. The appellant Bryan H. Pundt filed a motion for rehearing which was overruled. His wife did not join in the motion nor did she file a separate motion for rehearing. No application for writ of error was filed and the judgment became final. All of the costs have been paid by the appellants. The clerk of this Court issued the mandate. See Rules 442, 443, Texas Rules of Civil Procedure.

Rule 448, T.R.C.P. provides in part that:

"In any cause reversed by the Court of Civil Appeals, the appellant shall be entitled to an execution against the appellee for costs occasioned by such appeal, including costs for the transcript, said costs to be taxed by the clerk of the said court . . . Provided further, that nothing herein shall be construed to limit or impair the power of the Court of Civil Appeals to otherwise tax the costs for good cause."

The rules do not provide for taxing of costs as a matter of law where a case is reversed in part and affirmed in part and where the opinion of the Court is silent as to the costs. Where the case was principally affirmed, as it was in this case, the costs are taxed against the appealing party without any specific action on the part of the appellate court. The Court under Rule 448 has the discretion however, to adjudge the costs in any manner it deems proper for good cause. Had the matter been properly brought to the attention of this Court by a point of error, or assigned as error in the motion for rehearing, the Court could have properly reconsidered and taxed the costs otherwise. The cases cited to this Court by the appellant would indicate that such action would be proper.

However, since the costs have already been adjudged against the appellant by virtue of this Court not taking any specific action thereon, appellant's motion to re-adjudge the costs comes too late. The appellant's motion to re-tax and re-adjudge the costs is an attempt to have this Court exercise its discretion at this late time to re-apportion the costs of the party under its discretionary authority as authorized by

Rule 448. Since the judgment of this Court is final, we lack jurisdiction to consider appellant's motion. Smith v. State of Texas, 500 S.W.2d 682 (Tex.Civ.App.—Corpus Christi 1973, writ ref'd n. r. e. (not yet reported)). See authorities cited therein.

Appellant's motion is dismissed.