## BEAUMONT IRRIGATING CO. v. DE LAUNE. (No. 6719.)

(Court of Civil Appeals of Texas. Galveston. Nov. 23, 1914. Rehearing Denied Jan. 14, 1915.)

1. TRESPASS TO TRY TITLE ⚛═50—COSTS AND FEES—SURVEYORS' FEES.

Under Rev. St. 1911, art. 7747, providing, relative to actions of trespass to try title, that the presiding judge may appoint a surveyor who shall survey the premises, the surveyor should be allowed reasonable compensa-

tion to be taxed as costs against the party cast in the suit.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 80, 81; Dec. Dig. ⚛═ 50.]

2. COSTS ⚛═209—TAXATION BY CLERK—EFFECT.

Under Rev. St. 1911, art. 3714, providing that, after the adjournment of every district or county court, it shall be the duty of the clerk thereof to tax costs in every case in which the final judgment has been rendered against the party liable therefor, under the judgment, and to issue execution for the enforcement of such judgment and the collection of such costs, while the better practice would be for the court to fix the amount that should be allowed a surveyor in trespass to try title, if this is not done, and the clerk enters the charge in his fee book from memoranda in his office or otherwise, or if the clerk, before the execution is issued, taxes, as costs, any other charges which are properly costs and reasonable in amount, the amount taxed stands as a judgment against the party cast in the suit, until such time as the court, upon motion of the party complaining thereof, shall adjudge that the items so taxed are improper, or that the amounts thereof are too large.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 789; Dec. Dig. ⚛═209.]

3. LIMITATION OF ACTIONS ⚛═28—COLLECTION OF COSTS—EXECUTION.

Where a judgment in trespass to try title awarded costs to the successful party, the limitations of two and four years did not apply to their collection by execution, as those statutes are applicable only where the party entitled to costs, instead of availing himself of the writ of execution, as provided by the judgment for their collection, brings an independent suit against the party liable for the costs.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 134, 135, 142; Dec. Dig. ⚛═28.]

Appeal from District Court, Jefferson County; John M. Conley, Judge.

Action by A. De Laune against the Beaumont Irrigating Company. From a judgment striking items from a bill of costs, defendant appeals. Reversed and remanded.

Lipscomb & Lipscomb, of Beaumont, for appellant. H. G. Robertson, of Dallas, for appellee.

McMEANS, J. This is a proceeding by motion of appellee, plaintiff below, to retax costs in cause No. 2658, styled A. De Laune v. Beaumont Irrigating Company, tried in the district court of Jefferson county. He alleged that certain items of costs taxed by the clerk were not properly taxable as costs and never constituted any portion of the cost of suit; but, if such items were in fact costs accruing in the case, they were not taxed by the clerk within two years nor within four years next after the judgment was rendered, and were therefore barred by the statute of limitation of two and four years. The motion was sustained by the court, and all the items of costs complained of were stricken from the bill of costs. From this action of the court the defendant has appealed.

A sufficiently full statement of the case

and the facts proved is made in the findings of fact by the trial judge, which is here copied in full:

"The original suit between the plaintiff and defendant in this cause involved the title to 230 acres of land out of the J. Gerish league in Jefferson county, Tex. A final judgment was rendered in the district court in said cause on the 12th day of March, 1904, and on the 12th day of January, 1905, the said judgment was affirmed by the Court of Civil Appeals for the First Supreme Judicial District, at Galveston, and by the judgment of said courts the costs were adjudged against the plaintiff. The total costs at the time of the rendition of the final judgment by the Court of Civil Appeals amounted to the sum of $79.55, and was paid by the plaintiff, excepting the sum of 87 cents. At the time of the payment of said costs, and at the time of the entry of said final judgment, the items of cost complained about in the motion now under consideration did not constitute any part of the costs which the plaintiff paid, nor were any of the items at that time entered up against said plaintiff on the clerk's fee book, or docket, nor did they constitute any part of the bill for costs rendered to the plaintiff.

"On or about the 27th day of May, 1909, the clerk of this court, at the instance and request of defendant's counsel, and without notice to the plaintiff or his counsel, entered upon the cost or fee docket in the clerk's office, under the head of miscellaneous cost, the following items, to wit:

| | |
|---|---|
| To J. A. Pelt..................... | $ 16 00 |
| To J. A. Pelt, witness fee........ | 8 00 |
| To Stinson, court surveyor....... | 99 55 |
| To L. J. Kopke.................. | 35 95 |
| To Stinson, witness fee.......... | 25 00 |
| To Reynolds, deputy............. | 12 40 |
| To J. Hatcher................... | 10 08 |
| To Stinson, witness fee.......... | 45 00 |
| To L. J. Kopke.................. | 40 00 |
| To surveyor's fee................ | 91 00 |
| Total ...................... | $383 18 |

"Thereafter, on or about May 31, 1909, defendant's counsel, acting for and on behalf of the Beaumont Irrigating Company, sued out a writ of scire facias, and duly served plaintiff with same on the 1st day of June, 1909. Thereafter, on the 8th of October, 1909, judgment was entered in the district court, reviving the original judgment in cause No. 3658, and also adjudicating the said items of cost as entered by the clerk, at the instance of the defendant company as aforesaid and holding the plaintiff, A. De Laune, liable for same, and ordering execution to be issued therefor.

"Thereafter an appeal was taken from the decision of the district court on the writ of scire facias, and on or about the 20th of March, 1911, the Court of Civil Appeals, in an opinion rendered on that date, affirmed the decision of the lower court, reviving the judgment in said cause No. 2658, but held said judgment erroneous in so far as it undertook to adjudicate and determine the items of cost complained of in this motion.

"When the original suit was tried in the district court, said court, by order duly entered, appointed a surveyor to survey the lines of the tract of land in controversy in said suit. A. B. Doucette made the first survey of said land under said appointment. There was also another cause pending in said court at the time of the appointment of Mr. A. B. Doucette, as surveyor, being styled A. De Laune v. W. B. Dunlap, and being No. 2657, on the docket of said court, in which he was also appointed to make a survey. The orders of appointment do not specify the apportionment of the cost of said surveys. Mr. Doucette made his surveys and filed his reports, and for the same charged the sum of $91. On the 6th day of April, 1903, the Beaumont Irri-

gating Company, by its check No. 335, paid Mr. A. B. Doucette the sum of $91 for said surveys. Said sum was voluntarily paid by the said Beaumont Irrigating Company without any action of the court upon said claim, and the whole sum of $91 entered as a cost item by the clerk against the plaintiff in cause No. 2658, as above stated.

"Thereafter another order was entered by the court in original cause No. 2658, appointing Mr. L. J. Kopke, a surveyor selected by the plaintiff, and Mr. A. Stinson, a surveyor selected for the defendant, to make a joint survey, which they did, and filed their report in said cause. Thereafter the defendant, without any previous action of the court upon the claims for such surveys and incidental expenses connected therewith, hereinafter enumerated in detail, voluntarily paid such amounts, taking a receipt therefor, to wit:

"On September 22, 1902, the defendant, Beaumont Irrigating Company, paid J. A. Pelt the sum of $16 for 'services as chainman with Mr. Stinson in the De Laune Case.'

"On September 23, 1902, Beaumont Irrigating Company also paid J. A. Pelt $8 for 'expenses of Mr. Pelt in witness attendant in the De Laune Case.'

"On September 23, 1902, Beaumont Irrigating Company paid A. E. Stinson the sum of $99.55 for 'survey and expenses incurred in making the survey of the Gerish and adjoining lands, as follows: Twelve days for himself, at $10, $120; three trips Houston to Beaumont and return, $15; one trip to Beaumont to China and return, $.90; expenses trip Houston to Austin and return, $17.55; 8 days chainman, at $2, $16—total $169.55, less amount paid by cash, $70, balance due, $99.55.'

"On September 24, 1902, Beaumont Irrigating Company paid L. J. Kopke the sum of $35.95 for 'services in the De Laune suit on Gerish league and expenses incurred.'

"On December 15, 1903, Beaumont Irrigating Company paid A. E. Stinson $25 as follows: 'To court attendance, two days at $10, $20; railroad fare Houston to Beaumont and return, $5—total, $25.'

"On January 20, 1904, Beaumont Irrigating Company paid C. R. Reynolds $12.40 for taking the deposition of Stephen Hatcher, Sr., a witness in said cause.

"On January 23, 1904, the Beaumont Irrigating Company paid J. Hatcher $10.08 for 'court expenses De Laune Case.' The clerk of the district court on the 23d day of January, 1904, issued to said J. Hatcher a certificate for witness fees, showing that the witness had traveled 34 miles to be in attendance on the court as witness, for which he was entitled to $8.04.

"On January 23, 1904, Beaumont Irrigating Company paid A. E. Stinson $45 as follows: 'For four days attendance De Laune Case, $10 a day, $40; and for railroad fare Houston to Beaumont and return, $5—$45.'

"On January 17, 1905, Beaumont Irrigating Company paid L. J. Kopke, a surveyor, the sum of $40 as follows: 'For attendance at district court as expert witness in case of A. De Laune v. Beaumont Irrigating Company, September 17, 22, and 23, 1902, December 15, 1903, and January 20, 21, 22, and 23, 1904, and also eight blueprints of maps in said cause.'

"There is no order or judgment of any kind made by the district court trying said cause allowing any portion or part of any of the claims herein enumerated, as fees to surveyors, chainmen, expert witnesses, etc., nor was there any action of any kind by the district court in reference to any of said items in allowing same as part of the costs in the trial of the original suit."

We think it apparent from the judge's findings that what he meant by the statement that "the total costs at the time of the ren-

dition of final judgment by the Court of Civil Appeals amounted to the sum of $79.55" was that the total costs taxed at that time amounted to said sum.

To the judge's findings we add that it appears that no execution or writ of possession had been issued prior to the time the clerk taxed the items of costs complained of. Upon the facts found by the judge he based his conclusions of law, which are as follows:

"None of the items entered by the clerk at the instance of defendant's counsel were ordinary fees or charges in this case, excepting the costs of taking the deposition of Hatcher, Sr., $12.40, and the witness fee to the witness Hatcher in the sum of $10.08.

"The other charges could only have become costs in this cause by due allowance of the court, on proper showing that the same were reasonable, and by judgment duly entered, allowing the same as costs in said original suit.

"There was therefore no authority for taxing said items excepting the two herein stated, as was done in this case by the clerk at the time of doing so, without an order of the court allowing such items as costs, and the same should be stricken from the fee docket.

"I further conclude that all of said items, including the claim for taking the deposition of the witness Hatcher, Sr., and also the claim for witness fees to the witness Hatcher, were barred by the two years' statute of limitation. A revival of the judgment after the period of limitation had expired on the claims as above enumerated would not and could not in any way destroy the intervening right of the plaintiff to defeat the collection of said claims under the two years' statute of limitation."

By its first assignment of error appellant asserts that plaintiff failed to affirmatively show that the items of costs were improperly taxed or erroneous, and that therefore the court erred in granting the motion. It contends in this connection that, when a defendant in a suit of trespass to try title is successful and obtains judgment for costs, the judgment certainly includes reasonable fees advanced by it in paying for the services performed by surveyors appointed by the court in surveying the land in controversy, including their expenses and loss of time in attending court; and, if the opposing party would object to the items thereof taxed in the cost bill, it is incumbent upon him to show wherein they were improper.

[1, 2] Article 7747, Revised Statutes 1911 (old article 5264), provides for the appointment by the presiding judge of a surveyor to survey lands in controversy. While the statute makes no provision for compensating the surveyor for such services, there is no doubt that reasonable compensation should be allowed him therefor, to be taxed as cost against the party cast in the suit; and such has been the uniform practice. The better practice would be for the court to fix the amount that should be allowed the surveyor before the clerk enters the same in his fee book; but the fact that this is not done, but that the clerk enters the charge from memoranda in his office, or otherwise, does not the less make the fees for such service a proper item of costs to be taxed by the party against whom the costs are adjudged. The matter of taxing the costs in any case is imposed as a duty upon the clerk alone (article 3714); and when he, at any time before the issuance of execution, has taxed the costs that accrued in the case, the amount stands as a judgment against the party cast in the suit until such time as the court trying the case shall, upon motion of the party complaining thereof, adjudge that the items so taxed are improper or that the amounts thereof are too large. In Patton v. Cox, 97 Tex. 253, 77 S. W. 1025, it is stated that the taxing of costs is not an adjudication by the clerk of the items specified, nor of the amount, but is simply the performance of a ministerial duty, which, if erroneous, may be corrected by the court upon a motion made for that purpose.

It may be well to state just here that where the successful party to a suit has paid any costs of suit either before the rendition of final judgment, or after such time and before the issuance of execution, he is entitled to be reimbursed therefor, provided such charges are properly costs and reasonable in amount; and, if the clerk has taxed such costs against the party cast in the suit, execution may be issued to collect the same, unless the court, on motion of the losing party, shall decree that such items are not proper or are not reasonable.

Looking now to the court's fact findings, it will be seen that during the progress of the suit certain surveyors were appointed to survey the land in controversy, and that they performed that duty. The expense of this work was properly costs incurred in the suit which, by the judgment against De Laune, he was decreed to pay. The court also found that these costs, together with other expenses incident to making the surveys, were paid by the Beaumont Irrigating Company, and receipts therefor taken. These items of costs were not taxed as costs in the case until more than four years after the rendition of the judgment, but were so taxed by the clerk before the issuance of execution. The court also found that the order appointing the surveyor Doucette directed the surveyor to make survey of the land involved in this suit as well as land involved in another case; and it appears that the charges made by the surveyor for all this service was $91, which was taxed as cost in this case and paid by the Beaumont Irrigating Company. Having reached the conclusion that, as a general rule, the expenses of making surveys and other expenses incidental thereto are costs of court chargeable to the party cast in the suit, and further that in this case certain amounts charged therefor had been taxed as costs, and that, having been so taxed, they were included in the judgment for costs, we think that the court should have determined from the evidence, upon the hearing of the motion, whether the services for which the charges were made were performed in this case, and,

if found to have been performed in this case and another, the proportionate part of the costs to be charged for the service rendered in this case, and also should have determined whether such charges were reasonable, and, if found not to be reasonable, should have determined what a reasonable charge would be, and in this way correct the cost bill as taxed by the clerk.

[3] Upon the question of limitation we hold that, inasmuch as the costs which had been taxed were included in the judgment that awarded execution for their collection, the statutes of limitation of two and four years do not apply. These statutes are applicable only in instances where the party entitled to the costs, instead of availing himself of the writ of execution as provided by the judgment for their collection, brings an independent suit against the party against whom they were adjudged to establish his demand; and all the cases cited by appellee on this issue were of this character.

As we have not the evidence before us from which we can determine the proportion of the services performed by the surveyors in other cases and charged as costs in this case, nor facts upon which we can arrive at the reasonableness of the charges for services rendered by the surveyors in this case, we are unable to render here such judgment as should have been rendered in the court below, and therefore the judgment must be reversed, and the cause remanded; and it has been so ordered.

Reversed and remanded.