## GULF, C. & S. F. RY. CO. v. TADLOCK.

### No. 10383.

Court of Civil Appeals of Texas. Galveston.

March 18, 1937.

Terry, Cavin & Mills, of Galveston, for appellant.

W. M. Hilliard, of Caldwell, for appellee.

GRAVES, Justice.

This appeal by the Railway Company is from an order of the trial court refusing to retax the costs in an agreed judgment entered by it on May 14, 1935, in this cause, wherein the appellee and her two minor children had been, through such agreement, awarded a judgment for an aggregate sum of $1,500, under this provision as to the costs incurred: "That the plaintiff shall recover the sum of Fifteen Hundred Dollars, with interest thereon from this date at the rate of six per cent per annum, together with her costs herein incurred, for which she may have her execution," so as to allow it credit on such costs—the rendered bill for which showed a total of $381.57—for $312.21 it had theretofore paid as the cost of a former appeal in the same cause.

As stated supra, the agreed judgment herein had been entered May 14, 1935, whereas this motion to so retax the costs had not been filed until June 7, 1935, which was before the adjournment of that term of the court on the 14th day of June thereafter, but after the full amount of such agreed judgment had been distributed between the appellee, the two minor children, and her attorneys, and the entire matter settled up and disposed of between them, no money having been left over for the payment of any costs in the cause, the appellee's attorney, Mr. Hilliard, having testified on the hearing to retax that their side had interpreted the agreed judgment to mean—in accord with the quoted excerpt therefrom—that the appellee would not be liable for any costs in the cause whatever, but that the Railway Company would pay them all. Mr. Wigley, the attorney for the Railway Company, on the other hand, testified that nothing had been said between the attorneys prior to and in making and carrying out the agreed judgment—other than to include the quoted provision therein—as to the costs.

In the state of the record, this court concludes that the evidence was sufficient to support a finding by the trial court to the effect that the agreed judgment had been so made, entered, and carried out, under at least a reasonably implied understanding upon the part of the appellee and her attorneys that the Railway Company was expected to pay not only the last accrued costs, but also all that might be left over from the prior trial and appeal therein; especially since it further

undisputedly appears that on the former trial a judgment for $6,000 had been obtained in the appellee's favor, which an appellate court had reversed with a remanding of the cause, and that in both the trial and appellate courts before, the appellee had been allowed to prosecute the same in her own behalf and that of her minor children on a pauper's oath in lieu of payment of or furnishing security for any costs therein.

It is not even clear to this court that the quoted provision in the agreed judgment for the payment by the appellant of the costs of the appellee "herein incurred" did not by clear implication mean all the costs in so far as she was concerned, since that judgment was a compromise of what had before appeared to be a much larger liability upon appellant's part; at any rate, it is not felt that the trial court's judgment should be disturbed, in view especially of this unchallenged finding appearing therein: "The court further finds that the balance of said costs, as set out in said bill, are proper charges of costs, and that when the agreed judgment was entered in said cause no reference whatever was made to any costs that had been previously incurred in the Court of Civil Appeals, and the court had no knowledge of the existence of any such claim, and the judgment was entered, as shown in the decree, charging all costs against the defendant, Railway Company."

The judgment will therefore be affirmed.

Affirmed.