# C. T. Hammonds Et Ux. v. Mrs. Jim Hammonds Et Al

No. A-5136. Decided January 4, 1956.
(285 S.W. 2d Series 362)

*Wagstaff, Harwell, Alvis & Pope, R. M. Wagstaff* and *J. H. Hand,* all of Abilene, for petitioners.

The Court of Civil Appeals erred in overruling petitioners plea of privilege to be sued in the county of their residence, thereby holding that a suit to try title to land could be held in a county other than where the land was situated, and also in holding that the instant suit was not a suit for the trial of title to said land. Tunstill v. Scott, 138 Texas 425, 160 S.W. 2d 65;

Pena v. Sling, 135 Texas 200, 140 S.W. 2d 441; Tidewater Oil Co. v. Bean, 138 Texas 479, 160 S.W. 2d 235.

*Storey, Storey & Donaghey* and *R. R. Donaghey*, all of Vernon, for respondents.

## PER CURIAM:

■ The appeal is from an order of the trial court overruling a plea of privilege filed by petitioners, C. T. Hammonds and wife, to be sued in the county of their residence. The trial court's order was affirmed by the Court of Civil Appeals. 278 S.W. 2d 380. We have determined that this court has jurisdiction of the case under amended Article 1728, because of a conflict between the holding of the Court of Civil Appeals and the holdings in the cases cited below in this opinion.

The suit was brought by respondents in the District Court of Foard County, in the form of a statutory action for partition of sixteen tracts of land, situated in Foard, Haskell, Yoakum, and Floyd Counties. The defendants named in the petition were petitioners C. T. Hammonds and wife, residents of Floyd County, and L. H. Hammonds, a resident of the county in which the suit was filed. C. T. Hammonds and wife filed a plea of privilege in statutory form seeking to have the venue of the case transferred to Floyd County, the county of their residence and the county in which two of the tracts of land are situated. The question for decision is whether the venue of the suit is governed by Exception 13 or Exception 14 of Article 1995 of the Revised Statutes.

By the provisions of Exception 13 suits for the partition of land may be brought where such land or a part thereof may be, or in the county in which one or more of the defendants reside. The exception specifically provides that "Nothing herein shall be construed to fix venue of a suit to recover the title to land." Exception 14 provides that suit for the recovery of land or to quiet title to land "must be brought in the county in which the land, or a part thereof, may lie."

In their petition the respondents allege "That the various tracts of land above described are recorded in the names of different plaintiffs and defendant, C. T. Hammonds, but each party, whether plaintiff or defendant, having any of the above land recorded in his name is holding same in trust for the others and such land is owned jointly in the proportion above

set out." In their prayer they asked "for possession of that portion that by judgment of the court, may be ascertained and declared to be the property of plaintiffs."

Petitioners alleged in their plea of privilege that "Tracts Two and Three, as shown in Paragraph I of plaintiffs' original petition, are owned by defendants herein, and that Tract No. Four shown in Paragraph I of plaintiffs' original petition is owned by defendants herein, and L. H. Hammonds, who is also made a party defendant in this suit by plaintiffs. That plaintiffs have no right to a partition of the aforementioned three tracts of land, because they have no interest in same, and, as a matter of fact, said cause of action is brought in the guise of a suit for partition in an attempt to hold venue in a county in which the land does not lie, when the real nature of the suit is one to recover an interest in land. This suit is not commenced in the proper county."

Tracts 2, 3, and 4 referred to in the plea of privilege are situated in Floyd County. Tracts 2 and 3 were conveyed to petitioner, C. T. Hammonds, who is still the record owner thereof. Tract 4 was also conveyed to him by five deeds, and he conveyed a one-half interest therein by five deeds to L. H. Hammonds, one of the defendants who lives in Foard County and who did not appeal. There is no title dispute as to the lands situated in Foard and Haskell Counties. Those lands belong to respondent, Mrs. Jim Hammonds, the surviving widow of Jim Hammonds, and the other parties to the suit, the children of Mr. and Mrs. Jim Hammonds. There appears to be a dispute as to the title to the land in Yoakum County, but the plea of privilege does not put that question in issue, and so the case will be disposed of by determination of whether the title to the lands in Floyd County was a disputed issue in the trial of the plea of privilege.

■ As we view the record it conclusively discloses both by pleadings and by proof that the title to the Floyd County lands was in issue. Portions of respondents' petition copied above disclose that it was sought to impose a trust upon this property, which stands in the name of petitioner, C. T. Hammonds, and the evidence clearly discloses that petitioners are actually claiming title to those tracts of land. That being the state of the record, the right petitioners to have their plea of privilege sustained is well settled by many decisions of this court, of which it is sufficient to cite only the following: Pena v. Sling, 135 Texas 200, 140 S.W. 2d 441; 128 A.L.R. 1223; Goolsby v. Bond,

210

138 Texas 485, 163 S.W. 2d 830; Herrington v. McDonald, 141 Texas 441, 174 S.W. 2d 307; Tide Water Oil Co. v. Bond, 135 Texas 334, 143 S.W. 2d 751.

As held in Herrington v. McDonald, supra, where a disputed issue of title is presented, the district court of the county in which the land is situated shall first or originally try the issue of title.

By their pleadings respondents sought to impress a trust upon the land standing in the name of C. T. Hammonds situated in Floyd County. The venue of such an action is governed by Exception 14. Carstairs v. Bomar, 119 Texas 364, 29 S.W. 2d 334.

The judgments of the trial court and Court of Civil Appeals are both reversed, and the cause is remanded to the trial court with instructions to sustain the plea of privilege.

Opinion delivered January 4, 1956.