**C. T. HAMMONDS et ux., Appellants,**

v.

**Jim HAMMONDS et al., Appellees.**

No. 6587.

Court of Civil Appeals of Texas.

Amarillo.

April 2, 1956.

Rehearing Denied May 14, 1956.

Wagstaff, Harwell, Alvis & Pope, Abilene (J. H. Hand, Abilene, of counsel), for appellants.

Storey, Storey & Donaghey, Vernon, Ben P. Ayres, Floydada, for appellees.

NORTHCUTT, Justice.

This suit was originally brought by appellees against the appellants in the District Court of Foard County in the form of a statutory action for partition of certain lands situated in Foard, Haskell, Yoakum and Floyd Counties. The appellants filed their plea of privilege seeking to have venue of the case transferred to Floyd County, the county of their residence and the county in which part of the land was situated. The plea of privilege was controverted and, upon a hearing by the trial court, the plea of privilege was overruled and appellants perfected their appeal from the order overruling their plea of privilege. On appeal, the Supreme Court reversed the orders overruling the plea of privilege and ordered the case transferred to Floyd County, 285 S.W.2d 362. While the matter on the plea of privilege was still on appeal and before the appeal was finally passed upon by the Supreme Court, appellees filed, in the original suit in Foard County, their application for the appointment of a receiver. The appellants filed their plea of privilege in the matter of an appointment of a receiver and, upon appellee's motion to strike the plea of privilege, the trial court sustained the motion and struck the plea of privilege. Then appellants, subject to their plea of privilege, filed their plea in abatement which was also stricken. Subject to their plea of privilege and plea in abatement, appellants filed their answer. After the trial court heard the application for the appointment of a receiver, the court appointed Presley Kennamer as receiver as requested by the appellees. It is to be noticed that the trial court informed the appellants that they could present their plea of privilege and also plea in abatement but that he was striking the same and proceeding to hear the application for a receiver. To all of

such actions of the trial court, the appellants excepted and gave notice of appeal and perfected this appeal.

As stated by the appellee, this action was ancillary proceedings to the original suit. Ancillary jurisdiction is exercised by equity court in supplementary proceedings to protect from interference and to determine conflicting claims to assets within the court's administrative control so that where such control ceases, by termination of the original suit, jurisdiction of ancillary proceedings is terminated. While the original case was on appeal, this order of receivership was entered but the Supreme Court ruled that the trial court erred in overruling the plea of privilege in the original suit and, consequently, had no authority to grant the receivership because the case should have been originally ordered transferred to Floyd County and the District Court of Floyd County should handle any further action taken in the matter.

This court just recently passed upon this identical question in the case of Keystone-Fleming Transport, Inc., v. City of Tahoka, Tex.Civ.App., 285 S.W.2d 869 in which a writ of error was refused by the Supreme Court. See also the case of Goolsby v. Bond, 138 Tex. 485, 163 S.W.2d 830, at page 833, by the Supreme Court, where it is stated:

"It is true that where the trial court correctly overrules a plea of venue or privilege, it may proceed to trial of the case on its merits; but to do so is a rather risky procedure, because a reversal of the order overruling the plea of privilege must result, as a matter of course, in the reversal of any judgment in the main case, if it is against the defendant who filed the plea of privilege. Cornell v. Cramer, Tex.Civ.App., 72 S.W.2d 397; O'Brien v. Smith, Tex. Civ.App., 80 S.W.2d 459."

Appellant's third point of error is as follows:

"The Court erred in granting the receivership because the venue of the

application for receivership did not lie in Foard County."

It was determined that the original suit should have been transferred to Floyd County; consequently, the control of the original case as to the District Court of Foard County was terminated and the termination of the original suit terminated any authority the District Court of Foard County had on any ancillary proceedings. The reversal of the order overruling the plea of privilege in the original suit must result, as a matter of course, in the reversal of any judgment or order entered against the defendant who filed the plea of privilege. Appellant's third point of error is sustained.

Judgment of the trial court appointing Presley Kennamer is reversed and he is ordered discharged and this cause is ordered transferred to the District Court of Floyd County, Texas.