Mrs. Jim HAMMONDS et al., Appellants,

v.

C. T. HAMMONDS et ux., Appellees.

No. 6718.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 16, 1957.

Rehearing Denied Jan. 20, 1958.

Ben P. Ayres, Floydada, Storey, Storey,. Donaghey & Sheridan, Vernon, for appellants.

Wagstaff, Harwell, Alvis & Pope, Abilene, John B. Stapleton, Floydada, for appellees.

NORTHCUTT, Justice.

We adopt the appellants' statement of the matters here involved.

The parties will be referred to throughout this case as appellants and appellees.

As reflected by the previous appellate history of the case out of which this appeal grows (Tex.Civ.App., 278 S.W.2d 380; Tex., 285 S.W.2d 362, and Tex.Civ. App., 290 S.W.2d 272), appellants herein filed, in the District Court of Foard County in April 1954, statutory suit for partition of lands in Foard, Haskell, Floyd, Wilbarger and Yoakum Counties, against appellees herein, residents of Floyd County. Plea of privilege filed by appellees was overruled by the trial court, and, such action having been affirmed by this court on December 20, 1954, in its Cause No. 6455 (278 S.W. 2d 380), appellees applied for and were granted writ of error by the Supreme Court. In August 1955, while the case remained pending in and undecided by the Supreme Court, appellants filed, in and ancillary to the partition suit pending in the District Court of Foard County, appli-

cation for receivership as to the lands situated in Floyd County, appellees interposing plea of privilege, plea in abatement and answer to the merits, and, the trial court having, on September 15, 1955, granted the receivership applied for, appellees herein filed their supersedeas bond and appealed from the order granting the receivership, in this Court's Cause No. 6587. On January 4, 1956, the Supreme Court handed down its decision, reversing and rendering the judgment of this court in Cause No. 6455, as well as that of the trial court, and ordering the case transferred to Floyd County, Texas (285 S.W.2d 362). Pursuant to such decision, this Court rendered judgment in Cause No. 6587 on April 2, 1956, reversing the judgment of the trial court appointing receiver, discharging the receiver, and transferring the cause to Floyd County (290 S.W.2d 272).

As shown by the transcript in this appeal the case was disposed of on the merits by agreed judgment entered on June 25, 1956, and this appeal is one from order of the District Court of Floyd County, entered February 20, 1957, overruling Motion of Appellants, filed June 28, 1956, to retax costs and to strike from the costs in the case the sum of $1,000, representing premium for supersedeas bond with corporate surety filed by appellees in connection with their appeal from order of the District Court of Foard County granting receivership, the overruling of such motion being the single point of error on which this appeal is predicated.

The trial judge herein made the following Findings of Fact and Conclusions of Law:

"Findings of Fact

"1.

"I find as a fact that the District Court of Foard County, Texas, formally ordered the Defendants in this cause to make and file in said cause a Supersedeas Bond signed by a corporate surety company to enable said Defendants to supersede the Judgment of the District Court of Foard County, Texas, appointing a receiver in said cause.

"2.

"I find as a fact that the Defendants complied with such order and were thereby caused to incur the item of $1,000.00 which was charged them as a premium by the surety company who executed such supersedeas bond, and which said item appears as a part of the Court costs prepared by the District Clerk of Foard County, Texas, and filed in the District Court of Floyd County, Texas.

"3.

"I find as a fact that such item of cost, to-wit, the sum of $1,000.00 charged as a premium by the surety company who executed the supersedeas bond in behalf of the Defendants, was duly noted in the Bill of Costs filed in this Court on February 27, 1956, and that the same was a matter of record in this Court on June 25, 1956, when the final Agreed Judgment was entered in this cause and in which said Judgment it was stated that all costs in said cause were adjudged against the Plaintiffs.

"Conclusions of Law

"1.

"I conclude that the order of the District Court of Foard County, Texas, requiring the Defendants to secure as a surety on the supersedeas bond which they desired to make in order to supersede the Judgment of the District Court of Foard County, Texas, appointing a receiver in said cause, constituted a rule of the District Court of Foard County, Texas as to this particular case and I further conclude that such rule of Court constituted the item of costs in controversy a proper and legal item of Court costs, and I further conclude that under the terms of the Agreed Judgment entered

in this cause the Plaintiffs are liable to pay the same as a part of the Court costs incurred in this cause.

"2.

"Further, I conclude that the Plaintiffs were charged with notice as a matter of law, that such item of costs appeared in the Cost Bill on file in this Court at the time the Agreed Judgment was entered in this cause and that said Plaintiffs impliedly agreed to pay the same when they agreed that said Judgment should include a recital to the effect "that all costs in this cause are adjudged against the Plaintiffs," and I therefore, conclude that for this additional reason that the Plaintiffs are liable to pay the item of Court costs in controversy as a part of the costs incurred in this cause.

"3.

"I conclude that the Motion to Retax the Costs filed in this cause by the Plaintiffs should be in all things denied and refused.

"The above and foregoing Findings of Fact and Conclusions of Law were prepared by the Court and filed of record in this cause on this the 22nd day of February, A.D. 1957."

■ There is no question in this case but what the appellants agreed to pay all costs of this suit and the judgment entered so decreed and the only question to be determined is as to whether or not the court erred in refusing to grant appellants' request to hold that the thousand dollars paid by the appellees in connection with the supersedeas bond filed in Foard County was a part of the cost in the suit. It is undisputed that the thousand dollar premium was noted in the bill of costs sent from Foard County and was on file in the case in Foard County when the agreed judgment was made and entered into by and between the parties. As shown by the above Findings of Fact and Conclusions of Law,

the court with sufficient evidence found that the District Judge of Foard County ordered the appellees to make and file a corporate surety; that the District Clerk of Foard County taxed the thousand dollar premium and costs; that the District Court of Foard County in requiring a corporate surety established a rule as to that case and that the appellants were charged with notice of the costs and that the agreed judgment contained a recital that all costs in the cause should be adjudged against the plaintiffs. We are familiar with the rule as stated in Brandtjen & Kluge, Inc., v. Manney, Tex.Civ.App., 238 S.W.2d 609, where it is stated that bond premiums are usually not allowed in connection with the prosecution or defense of litigation. But in this case at bar a different situation is presented in that it is shown to be this item of cost and there was agreement on the part of the appellants that they would pay all of the costs and a judgment was entered carrying out this agreement and the trial court has found that such costs should be taxed against the appellant.

■ The appellants originally brought this suit in Foard County and then while the plea of privilege was being contested in the appellate courts, the appellants had a receiver appointed in the District Court of Foard County and in order to prevent the appellees having to accept a receivership, the appellees were required to make the supersedeas bond in question and in order to secure the same had to spend the sum of $1,000. We think there is no question but what the matter involved herein was an equitable proceeding, and as stated in the case of Archer v. Ross, Tex.Civ. App., 262 S.W.2d 213, 217, the court there said:

"The general rule is that expenses of receivership should come from the party whose wrongful act made the appointment of a receiver necessary in order to preserve the property during litigation. Houston Production Co. v. Taylor, Tex.Civ.App., 33 S.W.2d 202."

Concerning the question whether the costs were properly charged against certain parties it is stated in the case of Pendery v. Panhandle Refining Co., Tex. Civ.App., 169 S.W.2d 766, 779:

"In any event, no abuse of discretion by the trial court appears and under Rule 141, Rules Civil Procedure, the matter was within the sound discretion of the court."

We are of the opinion, and so hold, that especially since the judgment decreed that the appellant should pay all costs of suit and the trial court has made the findings, and held that the appellant should pay the thousand dollars in question, that the court did not abuse its discretion in so holding, and the judgment of the trial court is affirmed.

CHAPMAN, J., not participating herein.