MRS. JIM HAMMONDS ET AL v. C. T. HAMMONDS ET UX

No. A-6715. Decided April 30, 1958.
Rehearing overruled June 11, 1958.
(313 S.W. 2d Series 603)

*Storey, Storey, Donaghey & Sheridan,* of Vernon, *Ben P. Ayres,* of Floydada, and *Cofer & Cofer* and *John D. Cofer,* of Austin, for petitioners.

*John Stapleton,* of Floydada, *R. M. Wagstaff, J. H. Hand* and *Wagstaff, Harwell, Alvis & Pope,* of Abilene, for respondents.

MR. JUSTICE CULVER delivered the opinion of the Court.

In the settlement betwen these parties of litigation that had put in issue the title to several tracts of land, the petitioners, Mrs. Jim Hammonds et al., agreed to pay all court costs and

judgment was entered in conformity. During the course of this litigation and pending appeal from an order overruling a plea of privilege, the Court on application by petitioners, appointed a receiver. Respondents appealed from this interlocutory order and gave a corporate surety supersedeas bond on which the premium was $1,000. Because we had, subsequently to the appointment of the receiver, reversed and ordered the plea of privilege sustained, (155 Texas 207, 285 S.W. 2d 362.) the Court of Civil Appeals reversed the order of the trial court appointing the receiver. (290 S.W. 2d 272).

The District Clerk of Foard County, on request of respondents, taxed the bond premium as an item of costs on the cost bill and forwarded the transcript to the District Court of Floyd County.

Petitioners had no actual knowledge of the fact that the bond premium had been taxed as costs until after the rendition of the agreed judgment. They then filed in the district court their motion to retax the costs and to strike from the cost bill the item of the bond premium of $1,000 and appealed from the order overruling that motion. The Court of Civil Appeals affirmed (308 S.W. 2d 895) holding that in this instance the inclusion of the bond premium as a proper item of court costs was an equitable matter under the rule that expenses of receivership should be paid by the party who wrongfully obtained the appointment of the receiver, that the refusal to strike was within the sound discretion of the court and no abuse of that discretion was shown.

We think the Court of Civil Appeals was in error and its judgment will be reversed.

■ The cost of a supersedeas bond given as a condition of suspending an order appointing a receiver is not, we think, an expense of receivership nor is it such an equitable matter as to invoke any rules or usages of equity.

■ Where an appellant desires to suspend the execution of judgment pending appeal the rules provide that he may do so by giving bond to be approved by the clerk in at least the amount of the judgment, interest and costs. Rule 364, T.R.C.P. This rule is applicable to cases whether brought in equity or at law. The trial court found that the District Judge of Foard County formally ordered the respondents to make a surety bond in order to supersede and this fact is given some weight by the

Court of Civil Appeals in its conclusion that the premium was rightfully taxed as costs. Clearly from a reading of the rule the judge had no authority to make such a requirement. The approval is within the province of the clerk and the duty devolves upon him and him alone initially to determine whether the bond is "good and sufficient." Additionally, we point out that Rule 365 provides that the sufficiency of a supersedeas bond is reviewable by the appellate courts and the respondents, no doubt, could have obtained relief from the alleged order had they so desired and had been able and willing to furnish a good and sufficient bond with personal sureties.

Pendery v. Panhandle Refining Co., Texas Civ. App., 169 S.W. 2d 766 and Rule 141, T.R.C.P., are relied upon in the holding that the trial court did not abuse its discretion in overruling the motion to retax costs and in refusing to strike the bond premium therefrom. But neither that case nor the rule has anything to do with the determination of what items may be properly taxed as costs. They both bear on the discretion of the court in allocating the costs between the parties. The question does not turn upon the trial court's discretion but rather upon the propriety of taxing the bond premium as an element of court costs.

■ The only Texas case closely in point cited by either party is Brandtjen & Kluge, Inc. v. Manney, Texas Civ. App., 238 S.W. 2d 609, n.r.e., holding that the premium paid for a replevy bond is not a proper charge as damages and that the ordinary expenses incurred by a party in prosecuting or defending suit cannot be recovered either as damages or by way of court costs in the absence of statutory provisions or usages of equity. Pecuniary loss sustained by a party in the defense of a lawsuit does not constitute damage for which he may recover. Vance v. Lindsey, 60 Texas 286.

■ The taxing of costs is a ministerial act of the clerk and, if erroneous, upon proper motion will be corrected by the Court. Reaugh v. McCollum Exploration Co., 140 Texas 322, 167 S.W. 2d 727; Patton v. Cox, 97 Texas 253, 77 S.W. 1025.

There is asserted here no plea of estoppel. The petitioner agreed to pay the court costs and not the cost bill as prepared by the Clerk of Foard County. Respondents cite Beaumont Irrigating Co. v. De Laune, Texas Civ. App., 173 S.W. 514, for the proposition that the cost bill prepared by the clerk is presumptively correct and stands as a judgment until the trial court

upon motion has adjudged the items so taxed as improper. We do not reject this proposition but that is not to say, as respondent implies, that the action of the trial court is final and may not be reviewed and corrected by the appellate courts.

■ We do not perceive the relevancy of Gulf, C. & S. F. Ry. Co. v. Tadlock, Texas Civ. App., 103 S.W. 2d 428. There the Railroad Company appealed from the overruling of a motion to retax the costs filed after an agreed judgment. The judgment provided that "plaintiff should recover the sum of $1,500 * * * together with her costs herein incurred * * *." The railroad contended that under this judgment it should not be liable for the costs of a former appeal of the cause that it had successfully prosecuted. The Court of Civil Appeals concluded that the evidence was sufficient to support a finding by the trial court to the contrary. In the cited case the question was one of fact. In our case the question is reduced to one of law, namely, whether the bond premium was properly taxed as costs. On this question we hold with petitioners.

The judgment of the Court of Civil Appeals is reversed and the cause remanded to the trial court with the instruction to grant petitioner's motion and retax the costs in accord with the views herein expressed.

Opinion delivered April 30, 1958.

## ON MOTION FOR REHEARING

MR. JUSTICE CULVER delivered the opinion of the Court.

■ Respondents say we failed to discuss in our opinion the question of the waiver of prior errors by the entry of a consent judgment. We thought we had, at least, by implication. They cite Wagner v. Warnasch, 156 Texas 334, 295 S.W. 2d 890, to the effect that a consent judgment excuses error and operates to end all controversy between the parties, but we think that proposition has no force under the circumstances here. The parties agreed upon the payment of the costs, and in the absence of anything to the contrary it must be presumed that they contemplated that the costs were proper and rightfully taxable.

■ Respondents further say that the effect of our decision is to set aside a part of the consent judgment, that may not be done except with the consent of all of the parties. We do not agree with that contention. The consent judgment is not modified in

any respect. The petitioners are bound to pay the costs as they agreed, but not any items of expense that are not costs of court.

Respondents say that, since the petitioners agreed to pay all costs of the suit, those costs would include the costs incurred by this appeal. Again we must disagree. The costs of this appeal will be taxed against the losing party, the respondents, as provided generally by the rules. The motion for rehearing is overruled.

Opinion delivered June 11, 1958.