

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

August 1, 1963

Hon. Doug Crouch
Criminal District Attorney
Tarrant County Courthouse
Fort Worth, Texas

Opinion No. C- 121

Re: Is the County Judge entitled
to a fee in a Mental Health
case; if so, is it the duty
of the County Clerk to tax
such as a court cost, or may
it be waived by the County
Judge?

Dear Mr. Crouch:

You have requested the opinion of this office concerning
whether the County Judge is entitled to a fee in a Mental Health
case. You further ask if it is the duty of the County Clerk to
tax this fee as a court cost, or if it can be waived by the County
Judge.

In 1957, the 55th Legislature enacted the Mental Health
Code, Articles 5547-1, et seq., Vernon's Civil Statutes, to pre-
scribe the method of care and treatment for the mentally ill.
Article 5547-14 therein provides:

"(a) The county of legal residence of the
patient shall pay the costs of Temporary Hospitaliza-
tion, Indefinite Commitment and Re-examination and
Hearing proceedings, including attorneys' fees and
physicians' examination fees, and expenses of trans-
portation to a State mental hospital or to an agency
of the United States." (Emphasis ours.)

Article 3926, Vernon's Civil Statutes, provides that the
County Judge shall receive the following fee:

"2. . . .For each civil cause finally dis-
posed of by him by trial or otherwise, Five Dollars
($5), . . ."

There is no doubt but that proceedings under the Mental Health Code are civil in nature because it is the "cause" of restraint which determines whether a proceeding is criminal or civil, and insanity is not a crime but rather a disease. A proceeding to commit a mentally ill person is a civil cause. Ex parte Singleton, 161 S.W. 123, 124 (Tex.Crim. 1913), and White v. White, 196 S.W. 508 (Tex.Sup.Ct. 1917). Therefore, such Hearing proceedings being before the Court, the County Judge's fee prescribed by Article 3926 is a proper cost to be taxed in a Mental Health case.

As regards the taxing of costs, Rule 622, Texas Rules of Civil Procedure, provides that:

". . .The Clerk of the district or county court or the justice of the peace, as the case may be, shall tax the costs in every case in which a final judgment has been rendered and shall issue execution to enforce such judgment and collect such costs. . . ."

In Beaumont Irrigating Co. v. DeLaine, 173 S.W. 514, 516 (Tex.Civ.App. 1914) the Court held that:

"The matter of taxing the costs in any case is imposed as a duty on the clerk alone; . . ."

And in 1958, the Texas Supreme Court in Hammonds v. Hammonds, 313 S.W.2d 603, 605 said that:

"The taxing of costs is a ministerial act of the clerk and, if erroneous, upon proper motion will be corrected by the Court."

Therefore, it is the duty of the clerk to so tax the County Judge's fee of Five Dollars ($5) in a Mental Health case.

Concerning waiver of such fee by the County Judge, there is no authority for waiver of a statutory fee, and in fact there are numerous prohibitions for either failing to charge up or remitting fees. For example, Article 102 of Vernon's Penal Code expressly makes such a misdemeanor by providing:

"Any county officer or any district attorney to whom fees or costs are allowed by law who shall fail to charge up the fees or costs that may be due under existing laws, or who shall remit any fee that may be due under the laws, or who shall fail to make

Hon. Doug Crouch, page 3 (C- 121 )

the report required by law, or who shall pay his deputy, clerk or assistant a less sum than specified in his sworn statement, or receive back as a rebate any part of the compensation allowed such deputy, clerk or assistant, shall be fined not less than twenty-five nor more than five hundred dollars. Each act forbidden by this article is a separate offense."

Article 3912e, Section 5, Vernon's Civil Statutes, provides:

"It shall be the duty of all officers to charge and collect in the manner authorized by law all fees and commissions which are permitted by law to be assessed and collected for all official service performed by them."

In addition, Article I, Section 28 of the Texas Constitution recites:

"No power of suspending the laws shall be exercised except by the Legislature."

We would also point out previous opinions by this office on the question of waiver of statutory fees and the uniform holding that there is no power to waive prescribed fees. See Attorney General's Opinions Nos. 0-6754 (1946), 0-6600 (1945) and 0-6323 (1945).

Therefore the prescribed fee for the County Judge may not be waived.

### S U M M A R Y

In a Mental Health case, the County Clerk must tax as a cost of the case a Five Dollar ($5) fee for the County Judge authorized by Article 3926, V.C.S., and this fee may not be waived by the County Judge.

Very truly yours,

WAGGONER CARR
Attorney General

By Paul Phy
Paul Phy
Assistant

PP:wb:mkh

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Frank Booth
Bob Flowers
Ernest Fortenberry
John Reeves

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone