

# The Attorney General of Texas

August 3, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Joe Resweber
Harris County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. H-1222

Re: Fees of civil process servers other than sheriffs or constables.

Dear Mr. Resweber:

At the request of the District Clerk of Harris County you have asked about citations served pursuant to Rule 106(e), Texas Rules of Civil Procedure, which specifies that where it is impractical to secure service by having an officer deliver copies of citations to defendants, or to mail copies to them, the court may authorize service "by any disinterested adult named by the court in its order. . . ."

You advise that a citizen of Harris County was authorized by a district court there to serve a citation and a precept upon a respondent in a divorce action. The person so authorized noted on the return for each instrument a $20.00 fee for serving it, evidently intending that such sums be taxed as costs of court in the matter. You ask if the district clerk is authorized or required to tax fees for service under Rule 106(e) as court costs, and if so, in what amounts they should be taxed. You also ask whether the clerk should file the return of service with the papers of the suit.

Rule 106 was amended by Supreme Court order dated July 11, 1977, to become effective January 1, 1978. Subsection (e), added at that time, has not yet been judicially construed by an appellate court, but we believe it will be read and applied in conjunction with Rule 107.

Rule 107, as amended, provides that the return of the officer executing the citation shall be endorsed on the citation and attached to it, but the rule now specifies, additionally, that where citation is executed "as authorized by Rule 106(e) . . . , proof of service shall be made in the manner ordered by the court."

When a person authorized by the court to make such service delivers to the clerk an instrument which purports to be the required proof of such

service, it is the ministerial duty of the clerk to accept it and file it. V.T.C.S. art. 1899; Tex. R. Civ. P. 74; see Wagner v. Garrett, 269 S.W. 1030 (Tex. 1925); cf. Attorney General Opinion H-1155 (1978) (duty to file uncertified pleadings). An instrument is regarded as filed when it is placed in the clerk's custody for filing. Newsome v. Boyd, 203 S.W.2d 874 (Tex. Civ. App. — Galveston 1947, no writ).

The taxation of costs is also a ministerial duty of the clerk which may be corrected by the court. Tex. R. Civ. P. 622; Hammonds v. Hammonds, 313 S.W.2d 603 (Tex. 1958). Each party to a suit is liable for all costs incurred by him, but a successful party may ordinarily recover costs incurred in the suit. Tex. R. Civ. P. 125, 127, 131. The cost bill prepared by the clerk is presumptively correct and stands as a judgment unless the trial court, upon motion, disallows items included in the bill. Hammonds v. Hammonds, supra; Manzer v. Barnes, 216 S.W.2d 1015 (Tex. Civ. App. — Amarillo 1949, mand. overr.); see Tex. R. Civ. P. 141, 142, 143.

The fees due sheriffs and constables for serving civil process are properly taxed as costs of the suit. See V.T.C.S. art. 3933a; Tex. R. Civ. P. 17, 125, 126, 128. However, the Code of Civil Procedure and the civil statutes are silent about the fee to be received by a person serving civil process in lieu of the sheriff or the constable. Cf. Code Crim. Proc. art. 1031 (fees for criminal process served by peace officer other than sheriff).

In Metcalfe v. McCarty, 301 S.W.2d 263 (Tex. Civ. App. — Austin 1957, no writ) a court-appointed surveyor's fee was taxed as a cost of the suit even though no statute expressly authorized it or specified the amount to be allowed. The court said that in such circumstances, fees should be fixed and allowed on a reasonable basis taking into consideration the circumstances of the case, the charges made, the type of work performed, and the evidence offered in support thereof and in opposition thereto. Cf. City of Hurst v. City of Colleyville, 501 S.W.2d 140 (Tex. Civ. App. — Fort Worth 1973, no writ) (not allowed where surveyor not court-appointed); Taormina v. Culicchia, 355 S.W.2d 569 (Tex. Civ. App. — El Paso 1962, writ ref'd n.r.e.) (auditor not court-appointed).

We believe the courts will adopt the same approach with respect to the fees of persons authorized by court order to serve process pursuant to subsection (e) of Rule 106. The propriety of the amount taxed, if challenged, is a matter for the judicial discretion of the court.

### S U M M A R Y

It is the ministerial duty of the clerk of the district court to file returns of process served by "disinterested persons" authorized to serve process pursuant to Rule 106(e), Texas Rules of Civil Procedure, and to include a fee therefor as an

item of the cost bill for the suit. The amount to be taxed is the amount claimed by the person making the return, unless otherwise ordered by the judge.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn