OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



September 1, 1999

Ms. Susan A. Spataro, C.P.A., C.M.A.          Opinion No. JC-0102
Travis County Auditor
P.O. Box 1748                                 Re:   Whether the county clerk has a duty to
Austin, Texas 78767                           collect reimbursements for mental health services
                                              proceeding costs paid by a county that is not
                                              responsible for those costs   (RQ-1206)

Dear Ms. Spataro:

Under section 571.018 of the Health and Safety Code, either the county that initiates emergency detention procedures or, if no such procedures are initiated, the county that accepts an application for court-ordered mental health services, issues an order for protective custody, or issues an order for temporary mental health services is generally required to pay the cost of mental health services proceedings. You ask whether the county clerk has a duty to collect reimbursements for costs actually paid by a county that is not responsible for those costs under the statute. Because no statutory provision imposes that duty, we conclude that the county clerk does not have a statutory duty to collect the reimbursements, but that the commissioners court may delegate that responsibility to an appropriate county official.

You inform us of the following facts giving rise to your request: The Austin State Hospital, located in Travis County, serves an area comprising thirty-six counties. Travis County provides resources to the other counties within this area by conducting hearings or proceedings for individuals for whom the other counties are financially responsible. Thus, for each "non-Travis County application" for involuntary mental health services heard by Travis County Probate Court No. 1, Travis County pays the required application fee and other costs such as attorney fees, physician examination fees, compensation of court-appointed personnel, transportation expenses, and prosecutor fees. Until 1998, the Travis County Clerk would seek reimbursement for the Travis County paid costs by sending a bill of costs to the responsible counties. But in 1998, the Travis County Clerk discontinued this practice believing that she has no duty to seek these costs. *See* Letter from Ms. Susan A. Spataro, C.P.A., C.M.A., Travis County Auditor, to Honorable Dan Morales, Texas Attorney General (Sept. 29, 1998) (on file with Opinion Committee) [hereinafter "Request Letter"].

Section 571.018 of the Health and Safety Code deals with the allocation and collection of the costs of all hearing or proceedings related to mental health services. *See* TEX. HEALTH & SAFETY CODE ANN. § 571.018 (Vernon Supp. 1999). Under the statute, these costs include attorney fees,

physician examination fees, compensation for court-appointed personnel, certain transportation expenses, judges' salary supplements and costs, and prosecutor fees. *Id.* § 571.018(c). They are to be paid by (1) the county that initiates emergency detention procedures under subchapter A (apprehension of person by a peace officer) or B (judge's or magistrate's order for emergency apprehension and detention) of chapter 573 or (2), if no emergency detention procedures are initiated, the county that accepts an application for court-ordered mental health services, issues an order for protective custody, or issues an order for temporary mental health services. *Id.* § 571.018(a)(1), (2). The county responsible for the initial costs of a proceeding as set out above, is responsible for all subsequent proceeding costs for the person who is the subject of these proceedings. *Id.* § 571.018(b).[1] A patient's county of residence, however, must pay court-approved expenses incurred for psychiatric evaluation and expert testimony if ordered by the court under section 574.010. *Id.* § 571.018(f). Section 574.010 authorizes the court to order an independent psychiatric evaluation of the proposed patient by a psychiatrist chosen by, and who may testify for, the patient; and to order the patient's county of residence to pay for court-approved expenses for expert testimony if the court determines that the proposed patient is indigent. *Id.* § 574.010 (Vernon 1992).

A county that pays the mental health services proceeding costs as provided above "is entitled to reimbursement for costs actually paid by the county" from "the patient" or "a person or estate liable for the patient's support in a department[al] mental health facility." *Id.* § 571.018(d) (Vernon Supp. 1999). The county may not require a person other than the patient to pay any hearing or proceeding costs, including filing fees or other court costs imposed by other law, unless it determines that the costs relate to private mental hospital services or the person charged with the costs is indeed a person or estate liable for the patient's support. *Id.* § 571.018(i).

You do not ask about collection of reimbursement for costs paid by a responsible county from the patient or a person or estate liable for the patient's support. Rather, you ask about collection of reimbursement *from* a county that is responsible for the costs *by* a county not responsible for those costs that, nevertheless, pays them. *See* Request Letter, at 1-2. Section 571.018 does not expressly authorize a nonresponsible county to pay for the mental health services proceeding costs or entitle that county to reimbursements for the costs paid from the responsible county. *See id.* §§ 571.003(16), (17) (Vernon 1992); 571.018(a)(1)-(2), (f) (Vernon Supp. 1999). But because you ask only about the county clerk's duty to collect the reimbursement, we assume, for the purpose of this opinion, that there is a legal basis for a county that is not responsible for mental health services proceeding costs under section 571.018 to pay those costs and that entitles the nonresponsible county to reimbursements for the costs paid from the responsible county.

As you note, section 571.018 does not address how reimbursements are to be collected. Nor have we found any other provision that does. More importantly for the purpose of the question

---

[1] Senate Bill 539, enacted by the Seventy-sixth Legislature and effective September 1, 1999, amends section 571.018(b) to provide that "[t]he costs shall be billed by the clerk of the court conducting the hearings." *See* Act of May 28, 1999, 76th Leg., R.S., S.B. 539, § 1 (to be codified at TEX. HEALTH & SAFETY CODE ANN. § 571.018(b)).

presented, neither section 571.018 nor any other provision that we have found requires the county clerk to collect the reimbursement to which the county may be entitled. Accordingly, no statute imposes that duty on the county clerk. Therefore, we conclude that the county clerk does not have a statutory duty to collect reimbursements to which a county may be entitled for mental health services proceeding costs actually paid by the county.

Additionally, the reimbursements are not "court costs," which the county clerk as clerk of the probate court may otherwise have a duty to collect from the responsible county. *See* TEX. GOV'T CODE ANN. §§ 25.00264 (Vernon Supp. 1999) (county clerk as clerk of probate court, must "perform the duties and responsibilities" of that office); 25.0030 (same); *Hammonds v. Hammonds*, 313 S.W.2d 603, 605 (Tex. 1958) (collection of court costs is ministerial act of court clerk); Tex. Att'y Gen. Op. No. H-1097 (1977) at 3 (county clerk has certain duties with respect to collecting certain fees as court costs).[2] Based on the plain language of section 571.018, the reimbursement amount at issue is distinct from the mental health services proceeding costs to which it relates. *See Commissioners Court of Titus County v. Agan*, 940 S.W.2d 77, 80 (Tex. 1997) (if statutory language is clear and unambiguous, court must give statute its common everyday meaning).

Under section 571.018, "the costs for a hearing or proceeding . . . shall be paid by" the responsible county. TEX. HEALTH & SAFETY CODE ANN. § 571.018(a), (b) (Vernon Supp. 1999). The costs are owed to the court or other persons for expenses and services related to the mental health proceedings. *Id.* § 571.018(c); *see also Westech Eng'g, Inc. v. Clearwater Constructors*, 835 S.W.2d 190, 206 (Tex. App.–Austin 1992, no writ) ("costs" usually refer to fees and charges required by law to be paid to the courts or some of their officers). And more significantly, they are the obligations of the responsible county. TEX. HEALTH & SAFETY CODE ANN. § 571.018(a), (b) (Vernon Supp. 1999); *see also* Tex. Att'y Gen. Op. No. JM-1234 (1990) at 4 (statute provides that county to bear cost of mental health proceedings). The costs are collected, and that obligation satisfied, when the responsible county pays them. Thereafter, no court costs remain outstanding for the clerk of the court to collect. *Cf.* TEX. R. CIV. P. 129; Tex. Att'y Gen. Op. No. H-1097 (1977) at 3.

It is only when the mental health services proceeding costs are paid that the county "is entitled to *reimbursement for costs actually paid by the county*" under section 571.018. TEX. HEALTH & SAFETY CODE ANN. § 571.018(d) (Vernon Supp. 1999) (emphasis added). This amount is owed to the county, rather than the court or third persons and is the obligation of the patient or person or estate liable for the patient. *Id.* Thus, the reimbursement obligation by definition follows payment of the court costs and is a separate obligation from the obligation to pay the court costs. Accordingly, although the county clerk as clerk of the probate court may have a duty to collect the mental health services proceeding costs as court costs, that officer has no duty to collect the reimbursements to which a county may be entitled after having paid those costs.

---

[2]*See also supra* note 1.

In sum, in the situation you ask about, the reimbursement obligation is owed by the responsible counties to Travis County. As you inform us, although Travis County is not responsible for the court costs, it pays them on behalf of the responsible counties. Irrespective of which county pays those costs, they have been paid. No costs remain outstanding for the county clerk as clerk of the Travis County Probate Court No. 1 to collect. But as the payor of those costs, Travis County is then due and may be entitled to seek reimbursement for the paid costs from the responsible counties. Consequently, the reimbursements are not amounts that the Travis County Clerk as the clerk of the Travis County Probate Court No. 1 is required to collect as court costs, but simply amounts owed to Travis County by other counties.

Although we conclude that the county clerk has no statutory duty to seek reimbursement for the mental health services costs paid by Travis County, the county commissioners court may delegate the reimbursement collection function to an appropriate county officer. When the legislature does not assign a county function to a particular county official, a commissioners court may delegate that function to an appropriate county official. In *Agan*, the Texas Supreme Court considered whether a county commissioners court exceeded its authority in transferring the payroll preparation responsibilities from the county treasurer to the county auditor. The court, noting that "[t]he budgetary decision to transfer the payroll preparation responsibilities to the County Auditor's office is a legislative function for which the Commissioners Court receives broad discretion[,]" concluded that the commissioners court did not exceed its authority. *Agan*, 940 S.W.2d at 81. The court stated: "Because the Legislature has not assigned payroll preparation responsibilities, the Commissioners Court acting in its legislative capacity may delegate the responsibilities to an appropriate county official." *Id*. The court also concluded that the county auditor is an appropriate county official because that officer has statutory authority to perform the clerical functions associated with payroll functions. *Id*. But the court also noted that another statute, referencing "county officer" authorized by the commissioners court to administer payroll deduction, suggests that anyone the commissioners court authorizes would have the authority to administer the payroll. *Id*.

The legislature has not assigned to any county official the responsibility to collect the reimbursement for mental health services proceeding costs to which a county is entitled under section 571.018 of the Health and Safety Code. We believe the delegation of that responsibility is a legislative function of the commissioners court similar to the delegation of the payroll preparation responsibilities at issue in *Agan*. Accordingly, the commissioners court acting in its legislative capacity may delegate that responsibility to an appropriate county official. *Agan*, 940 S.W.2d at 81. And it is for the commissioners court in the first instance to determine who is the appropriate county official, subject to judicial review. *Id*.

In short, because no statutory provision imposes that duty, we conclude that the county clerk does not have a statutory duty to collect the reimbursements to which a county may be entitled for mental health services proceeding costs actually paid by the county. The reimbursement amounts are not court costs that the county clerk as clerk of the probate court may otherwise have a duty to

collect.  But the commissioners court may delegate the reimbursement collection responsibility to an appropriate county official.

## S U M M A R Y

The county clerk does not have a statutory duty to collect the reimbursements to which a county may be entitled for mental health services proceeding costs actually paid by the county, but the commissioners court may delegate that responsibility to an appropriate county official.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General - Opinion Committee